No. 15,933.

COMEGYS ET AL. *v.* EMERICK ET AL.

PLEADING.—*Complaint.—Construction of.—When Construction of Trial Court Adhered to.*—A complaint must be construed according to its general scope and tenor, as appears from the averments, the prayer having no controling influence on the validity of the complaint; and where the trial court has placed a reasonable construction upon the averments of the complaint, which might bear two constructions, the appellate tribunal will be disposed to adhere to the construction of the trial court.

SAME.—*Complaint.—Surplusage.*—Where a complaint contains matter irrelevant to the theory of the case as construed by the court, such irrelevant matter will be treated as surplusage, when the complaint contains sufficient allegations, after disregarding such matter.

FRAUDULENT CONVEYANCE.—*Executor's Sale.—When not Void but Voidable.—Collateral Attack.—Real Estate.*—In an action to set aside a conveyance of land, as fraudulent, made by an executor to a third person who was not disqualified from purchasing, the fact that the executor was the real purchaser not being shown affirmatively by the record, but being provable only by matter dehors the record, the sale is not void but voidable; and a voidable sale has full force and effect until set aside by proper proceedings, and can not be collaterally attacked.

EVIDENCE.—*Collateral Attack.—Matter Extraneous to Record.—When not Admissible.*—Parties and privies to judicial proceedings can not show the invalidity of such proceedings in collateral proceedings, by bringing forward matter extraneous to the record.

NEW TRIAL.—*When Entitled to as of Right.*—Where an action is one to quiet title, one may be entitled to a new trial as of right.

From the Marion Superior Court.

*F. Winter* and *J. B. Elam*, for appellants.

*H. J. Milligan*, for appellees.

OLDS, J.—Levy Comegys died testate, owning certain real estate in Marion county, Indiana. The appellant Olivia Comegys, who was the widow of the testator, took under the law, and by partition a portion of the real estate so owned by the testator was set off to her. The

portion so set off to the widow being of greater value than her interest in the whole, it was adjudged that the portion so set off to her should be charged with the excess in value, about $900, in favor of the devisees of the remainder. The title to that portion not set apart to the widow vested in the appellees and other children and grandchildren of the testator by devise under the will. The widow was appointed and qualified as executrix of the will of her husband. She took the personal estate at its appraised value to apply on the $500 due to her as widow, and canceled the remainder of the $500 by crediting it upon the sum so charged against the real estate so set apart to her in the partition proceeding. The executrix filed a claim in her own favor against said estate in a sum exceeding $1,000 and interest, and procured its allowance. The amount allowed being some over $1,500. She canceled the remainder of the sum charged against the real estate so set off to her by crediting it upon the claim so allowed in her favor, which left apparently due on her claim over $1,100, and she assigned said claim to her son James, and James also filed a claim against said estate in his own favor for about $2,000, which the executrix allowed. She obtained an order of court for the sale of the real estate of which the testator died seized, other than the portion set apart to her as aforesaid, and which was so devised to the appellees and others as hereinbefore stated, for the payment of the debts, there being but one claim filed against the estate other than those of herself and son James. In pursuance of such order she sold said real estate, and the same was purchased by her said son James; he paid no money on the amount for which he bid off the land, but paid the purchase-price by receipting the amount bid on the claim so allowed to his mother, the executrix, and assigned to him, and the amount allowed in his favor. The sale was confirmed, and

final settlement of said estate made, all the debts being paid except $200 of the pretended claim of the executrix. All of which proceedings were had in the Marion Circuit Court. Afterwards, James conveyed the land, so purchased by him, to his mother, the executrix. The appellees, who are the devisees and owners of the undivided one-half of said real estate so sold by said executrix, were, during all of the time from the death of the testator, nonresidents of the State, and all were under disability, some under disability of coverture, and others under disability of infancy.

The appellees brought this suit in the superior court of Marion county, alleging in their complaint the foregoing facts, and further alleging that the testator had been twice married, and by each marriage had children, one of the appellees being a daughter by the first wife, and the others children of another daughter by the first wife, and now deceased, and that James was a son by the last wife, the executrix, and lived with her.

It is further alleged, that the executrix and her son James entered into a conspiracy to obtain all of the property of the testator, in pursuance of which conspiracy the claim was fraudulently caused to be allowed in favor of the executrix; that it was unjust, and nothing, in fact, was due to her; that she assigned it to James for the purpose of having him purchase the real estate at the sale so to be made by her as executrix; and that he did purchase it, but that the purchase, was in fact, made for the executrix, and afterwards James conveyed the land to her; that the executrix has had possession of said real estate ever since the testator died, and received the use and rents and profits thereof, amounting to $3,000. The prayer was to set aside the sale, and that the appellant Olivia Comegys be adjudged to hold the one-half of said real estate in trust for the appellees, that the title thereto

be quieted in them, that she be ordered to account to them for the one-half of the rent, that the pretended satisfaction of the amount charged against the land set apart to her be set aside, and the appellees be adjudged to have a lien on said land for the one-half of the amount, and there was a general prayer for all proper relief.

Issues were joined, and a trial was had in the superior court at special term, and there was a finding in favor of the appellants.

Appellees moved for a new trial as of right, which was refused, and appellees appealed to the general term, assigning as error the overruling of their motion for a new trial, and that the superior court had no jurisdiction of the subject-matter of the action.

At general term the court reversed the judgment at special term, holding that the court erred in refusing a new trial as of right, and ordering a new trial, and from this judgment appellants appeal.

It is contended, on behalf of the appellants, that this is an attack upon the proceedings and judgment had and rendered in the circuit court, by which the claim in favor of the executrix was allowed, the sale of the real estate ordered, had, and confirmed, and the estate settled; and, furthermore, if the complaint bears any other construction, it must be held to state two causes of action—one to have a trust declared and the title to the one-half of the real estate quieted in the appellees, and the other to set aside the sale and orders and judgments of the circuit court; that if this, the latter construction, is given, and the superior court had jurisdiction of the subject-matter of the action, having joined with the action to quiet title, the action to set aside the sale and judgment, appellees are not entitled to a new trial as of right. That a new trial can not be granted as of right, except they are entitled to a new trial as to the whole case; and that by the

the joinder of a cause of action, in which they are not entitled to a new trial, with the action to quiet title, they are debarred of the right to a new trial as of right.

It must be admitted, that in view of the peculiarity of the complaint, there is much force in the contention of the appellants. . The complaint was certainly not drafted on any very definite theory.

If the complaint is to be construed as an attack on the decree ordering the sale of the land, the sale and confirmation thereof, and the order allowing the claim in favor of the executrix, and seeking to set them aside, and reinstate their claim and lien upon the land set apart to the widow on account of fraud, then the action should have been brought in the court in which the original proceedings were had.

In speaking of the manner of setting aside, judgments, this court, in the case of *Weiss* v. *Guerineau*, 109 Ind. 438 (444), says: "These methods, however, all contemplate proceedings in the case in which the unauthorized judgment is alleged to have been obtained." There may cases arise in which a court of equity would refuse to enforce or allow a defense to a judgment shown to have been obtained by fraud; but proceedings to set aside an executor's sale of real estate, and allowances made in the course of administration, must be brought in the court in which such proceedings were had.

A complaint must be construed according to its general scope and tenor, as appears from the averments, and the prayer will not control and determine its validity. When the trial court has placed a reasonable construction upon the averments of the complaint, which might bear two constructions, this court will be disposed to adhere to the construction which it received by the trial court.

The theory which must have been taken of the com-

plaint in this case by the superior court in taking jurisdiction and trying the cause, was that it was a complaint to establish appellee's title to the real estate, and to quiet the title to the same in them, on the theory that it charged fraud and collusion on the part of the executrix and her son James, and that the purchase was in fact made for the executrix by and through her son acting for her, while she was still executrix; that the sale and conveyances did not vest title absolute in the appellant Olivia Comegys, but that she took it in trust for the appellees and other devisees and owners of the land before the sale.

As appears by a written opinion in the record, this was the construction and theory given to the complaint by the court in general term, and the averments having for their sole object the setting aside of the judgment and proceedings in the circuit court were treated as surplusage, being made in a complaint filed in a court having no jurisdiction in that behalf, they could have no effect, and would not be allowed to control or annul the averments which stated a good cause of action, of which the court had jurisdiction, and we think this a reasonable and proper construction to be given to the complaint.

With this construction given to the complaint, it leaves the action solely an action to establish and quiet title in the appellees. We have a line of decisions holding that a purchase of real estate by an executor or administrator at his own sale is void. See *Valentine* v. *Wysor*, 123 Ind. 47 (56), and authorities there cited.

In speaking of a purchase of real estate by an administrator, at a sale made on an execution in favor of the estate which he represented, this court, in *Murphy* v. *Teter, Admr.*, 56 Ind. 545, says the sale was not void but voidable; that the purchaser must be regarded as a trustee, and that the *cestui que trust* might have the sale set aside,

or let the sale stand and cause the trustee to convey the title to them, upon just and equitable terms. In *Valentine* v. *Wysor, supra,* it is said that a sale by a trustee to himself is void, and authorities are cited in support of the statement. The same statement is made in other decisions. While this may be literally true where the record shows affirmatively a sale by the trustee, executor or administrator to himself, yet we think where the record does not affirmatively show such fact, but, on the contrary, where the record shows, as averred in this case, that the sale was made to another who was not disqualified from purchasing, and the fact that the trustee was the real purchaser must be shown by proof dehors the record, the sale is not void but voidable. In *Earle* v. *Earle,* 91 Ind. 27 (42), it is said: ''The general and correct rule, as established by the weight of authority, is, that a judgment by a court of competent jurisdiction is not void, unless the thing lacking, or making it so, is apparent upon the face of the record. If the infirmity do not so appear, the judgment is not void, but voidable.'' If a sale be void, it may be treated as a nullity, and it is not necessary to set it aside by direct attack, it may be disregarded in collateral proceedings; but, if it be voidable only, it has full force and effect until set aside in proper proceedings, and can not be attacked collaterally.

The facts in this case do not disclose but what all legal notices were given and all formalities of the law complied with in relation to the administration of the estate, the allowance of the claims, the ordering of the sale of the real estate, and in the making of the sale and confirmation thereof, and final settlement of the estate. It is well settled that parties and privies to proceedings can not show their invalidity in collateral proceedings by bringing forward matter extraneous to the record itself. *Harman* v. *Moore,* 112 Ind. 221. There is no doubt that the heirs,

or devisees, in this case might, in a proper proceeding, have had the sale set aside on showing, that the executrix was in fact the real purchaser at her own sale; that through collusion she had her son purchase for her and reconvey the land to her after the sale was confirmed. As to whether or not the sale was valid depended upon the fact as to who was the purchaser. According to the averments of the complaint, the record shows the son James to have been the purchaser. If James was acting in collusion with his mother, and in fact made the purchase for her, that fact brought forward would have prevented the confirmation, but the sale is confirmed, and the record is regular and valid upon its face, showing a sale made by the executrix to one having the lawful right to purchase. The fact that after the confirmation James conveyed the land to his mother does not affect the validity of the sale, for, if the sale was a valid one at the time it was made and confirmed, it would not be rendered illegal by reason of the fact that the purchaser afterwards conveyed the land to the executrix. We think such a sale voidable and not void, and that while the devisees might have had the sale set aside on proper application and proof, yet they have the right, as against the executrix, to allow the sale to stand and treat her as a trustee holding the land in trust for them, and maintain an action and have the trust declared and their title to the land quieted upon just and equitable terms. Such is the relief sought in this case.

In 1 Perry on Trusts (4th ed.), section 224, it is said; "If an executor or administrator purchases indirectly of himself through a third person, and takes a deed to himself through such third person, the sale will be void, or the estate will be held in trust by such administrator or executor for the heirs-at-law or other persons interested." See section 225, Perry on Trusts.

The action being one to quiet title, the appellees were entitled to a new trial as of right. As we have said the appellees could only have their title quieted on just and equitable terms, accounting to the executrix for what is due her, if anything, but no question as to the basis of such accounting is presented to this court. The sole questions presented are such as we have considered.

There is no error in the record.

Judgment affirmed.

