Filed Jan. 26, 1894.

---

No. 16,554.

SHULTZ *v.* SHULTZ ET AL.

ACTION.—*For Damages for Fraudulently Obtaining Judgment.—When not Maintainable.*—An action for damages for fraudulently obtaining a judgment can not be maintained by a party thereto so long as such judgment stands, for a judgment for damages would operate as an impeachment of the first judgment. So long as a judgment stands,

Shultz *v.* Shultz *et al.*

it imports absolute verity as to every proposition of law and fact essential to its existence against all the parties to it.

From the Jackson Circuit Court.

*W. T. Brannaman, W. C. Lamb, W. P. Adkinson* and *W. P. Hargrave,* for appellant.

*W. K. Marshall* and *O. H. Montgomery,* for appellees.

McCABE, J.—The circuit court sustained a demurrer to the complaint, and the appellant declining to amend or plead further, appellee had judgment upon the demurrer.

The only question presented by the assignment of errors is the correctness of that ruling.

The substance of the complaint is as follows:

Maria Shultz complains of Charles Shultz, Henry Struckman and Margaret Roeger, and says that on the —— day of March, 1859, she was married to the above defendant, Charles Shultz, and plaintiff and said defendant lived together as husband and wife until eight years before the filing of this complaint, the marital relations having continued the same until the 6th day of September, 1890, when they were divorced on plaintiff's application in the Marion Superior Court; that she bore children by said defendant, eight in number, only one of whom is living, namely, William. She helped her husband, during that time, to acquire two pieces of town property, real estate, described, in the city of Seymour, in said county, of the aggregate value of $6,500, the title to which was in her husband's name; that prior to her grievances thereinafter specified, she joined her husband in a mortgage on the same to secure a debt of her husband, on one of the lots, for $450, to one Conrad Akeret; that afterwards Christian Struckman, her father, purchased said mortgage, and had the same assigned to him for the use and benefit of this plaintiff; that afterwards, on the —— day

of August, 1879, said Christian Struckman duly and legally executed his last will and testament, willing money and property to the value of $1,600, and delivered the same to appellant for safe-keeping, in which he provided as follows: He bequeathed to his son Frederick, $100; to his son Henry, $50; Louisa, daughter, $50; to his daughter, Minnie Stumke, $5, and the residue of said $1,600, in undivided parts, to this plaintiff and her son William; it further provided that $450, the amount included in said mortgage on lot eight, as aforesaid, should be the property of the plaintiff, and taken out of her share as legatee under the terms of said will and by her held and controlled as a lien against said property; that said testator died on the 22d day of June, 1880, without revoking said will; that said property was at that time free from incumbrance, except the mortgage already mentioned, which was the only mortgage on said property she ever signed; that she was at that time the owner in fee-simple of one-third of all said property; that in the absence or neglect of her said husband, she was entitled to an additional $600, exemption from execution, out of the same, and as the wife of said Charles Shultz she had other marital rights, in all amounting to the full value of all the property aforesaid; that defendants had full and complete knowledge at the time of all the foregoing facts, yet defendants did then and there cruelly and wickedly form a conspiracy among themselves, to defraud plaintiff out of all her property rights, to injure her person and feelings, to humiliate her, and to carry out said conspiracy, etc., for gain for themselves, soon after the death of testator, the defendant Henry Struckman wrongfully procured possession of said will, mortgage, and one promissory note for $250, executed by the defendant Charles Shultz and belonging to the estate of the testator under the terms of said will, the

plaintiff having inadvertently placed said will in a wrong package of papers, said will and mortgage then and there being the property of the plaintiff, and she further avers that Henry, after gaining possession of said will, did, knowing its contents, secrete, hide, or destroy said will, and to the date of the filing of this complaint secreted the same from the plaintiff up to the time of the complaint, and did fraudulently and wrongfully, with intent and purpose of defrauding the plaintiff, falsely and wrongfully claim to be the owner of said property, and fraudulently, and with the knowledge and coöperation of his codefendants, falsely cause suit to be brought in his own name, as the owner of said property, to foreclose said mortgage, and to obtain judgment on said note, in the Jackson Circuit Court, to foreclose said mortgage and obtain judgment on said note against the appellant and Charles Shultz, Minnie Stumke, Fred Struckman, and Louisa Summan, brothers and sisters of said Henry, except Charles Shultz; that at the May term of said court, for 1881, said Henry obtained judgment against Charles Shultz and this plaintiff for $854.15 and foreclosure of said mortgage.

In furtherance of said conspiracy to injure and defraud appellant, said Henry, with knowledge of all the defendants, wrongfully and for the purpose of defrauding appellant, procured execution to issue on said judgment, and on June 18, 1881, said lot, mortgaged as aforesaid, was sold by the sheriff for $600, which was credited on the judgment against said Charles and appellant, and said sum fully satisfied any and all judgments against appellant at the time of said sale, leaving a balance on said judgment against said Charles Shultz, due and unpaid, in the sum of $254.15; that appellant was an ignorant, unlettered woman, unsuspecting and confiding, and trusted and confided in the honor, integrity, and

justice of her said husband and brother, and they caused
her to so do, and they promised in all matters herein
mentioned to act fairly and justly by her; that at the
commencement of the suit aforesaid, the defendant
Charles Shultz, her then husband, falsely and fraudu-
lently represented to this plaintiff, for the purpose of de-
cieving her and furthering said conspiracy to defraud
her, with the knowledge of the other defendants, that he
had employed counsel to defend said suit against him,
and to defend all appellant's rights in and to all her real
estate and personal property, both legal and equitable,
in connection with the suit aforesaid.

Relying upon said representations, she abided the
same in good faith; whereas, in truth and in fact, the
said Charles employed counsel for the purpose of carry-
ing out said conspiracy, he withheld all information from
said counsel so employed by him, for the fraudulent pur-
pose of injuring this plaintiff, and for said purpose,
wholly refused to protect any of plaintiff's rights in said
suit, or cause them to be protected, wholly refusing to
attend said trial and making default therein; and for
the purpose of more fully carrying out said conspiracy
to defraud and ruin her in property rights and health,
with knowledge of the other defendants, represented to
appellant, for the better protection of her rights, it would
be prudent, wise and just for her to join him, the said
defendant, in a conveyance of lot number 184 to A. J.
D. Thurston, who would then and there convey the en-
tire title to said property to this plaintiff; that he and
counsel for the defense represented to her, with knowl-
edge as aforesaid, that it would be an equitable and just
settlement of the property rights between appellant and
her then husband, and when so conveyed should be and
remain hers in fee-simple, and should be a settlement
of her rights, legal and equitable, in and to the property

aforesaid, then in her husband's name, and believing said representations to be true and safe, and the act and purpose right and just, and to protect her interest, she did, on the 11th day of November, 1879, join her husband in a deed conveying said lot to said Thurston for the purpose aforesaid; that Thurston, in pursuance of said representations, on the same day conveyed said property to appellant.

She further avers, that the conveyances were made as aforesaid before judgment was taken against her and the said Charles, on said notes and mortgage, in the suit aforesaid; that there being a balance due on said judgment as aforesaid, the defendants Struckman and Charles Shultz did fraudulently and wrongfully, to carry out said conspiracy, institute proceedings in the Jackson Circuit Court against this plaintiff and the defendant Charles Shultz, to set aside the aforesaid conveyance, charging it to have been made to defraud the creditors of said Charles Shultz, the said Henry knowing at the time the allegations in that respect to be false; that for the purpose of carrying out said conspiracy during the pendency of said action said Charles Shultz represented to her that able counsel had been employed to defend her rights, that she need not employ counsel, and that her rights would be fully protected; that Hon. Jason B. Brown appeared without being employed by her, and while so engaged was ignorant of the conspiracy aforesaid, whereas, in truth and in fact, all the representations aforesaid, except the employment of counsel, were wickedly false and untrue, and made to permanently injure this plaintiff; that, with the knowledge and approbation of his co-defendant Charles Shultz, he withheld from said counsel all the facts in said suit, such facts giving appellant the title in fee-simple in and to the above described real estate; that each one of the defendants knew

that the appellant was the *bona fide* owner of the same, and that said property was worth at that time $2,500, and that she was the owner in fee of one-third of lot eight aforesaid, said mortgage having been given to secure the debt of her huband, and in addition thereto she was the owner of the $450 mortgage aforesaid, the gift of her father aforesaid. They knew she was entitled to $600 under the exemption law of the State, she being a householder, yet, notwithstanding all these facts, had said cause set for trial on August 29th, appellant having none of her rights set up or defended, the facts as aforesaid being withheld from counsel without the knowledge of the plaintiff, and in furtherance of said conspiracy procured judgment setting aside said conveyance to her and subjecting said property to sale for the payment of said small judgment, to wit, $254.15, then wrongfully held by Henry Struckman against the defendant, Charles Shultz; that she was ignorant of the conspiracy and was fraudulently informed by defendant Shultz, that her property rights were duly protected and that she had not lost any of her property in said suit, which she believed until the ejectment suit hereinafter mentioned; that execution was issued on the judgment against said Charles, which was levied on said property without plaintiff's knowledge; that on the 7th day of June, 1884, said property was sold at sheriff's sale on said execution, to appellee Margaret Roeger, for $486.65, and that, after getting her deed, she brought an ejectment suit, and recovered judgment of ejectment against appellant, on which a writ of possession was issued, and thereupon she was dispossessed, etc., by which she is damaged $9,000, for which she prays judgment.

There was no error in sustaining the demurrer to this complaint. The point to it all is that the conveyance to her by her husband through a third per-

son was, in a suit for that purpose, set aside as a fraud against her husband's creditors, and subjected and sold to pay his debts. Until that judgment is out of the way, the appellent can not recover another judgment which operates as an impeachment of the first judgment. If the judgment by which appellant's deed was set aside was fraudulently obtained, and the complaint had stated facts sufficient to establish that charge, yet so long as the judgment stands, there could be no recovery of damages for so obtaining it, because, so long as it stands, it imports absolute verity as to every proposition of law and fact essential to its existence against all the parties to it. 1 Freeman on Judgments, section 289.

It imports that it was just, equitable, lawful, and right to set aside appellant's deed and subject the property to sale to pay the debts of her husband, with absolute verity. That being true, for the purposes of this case, it makes no difference how wicked the conspiracy was that is charged against all the parties to bring about that result, as the result was just, right, and lawful, the conspiracy and evil acts charged did not harm appellant, did not deprive her of any legal right, and, therefore, no ground to complain is shown.

Before the complaint would be sufficient, it should show such a state of facts as that she could not get rid of the judgment by some proceeding for that purpose known to the law.

If the complaint had stated facts sufficient to show that the judgment was obtained by fraud, it still would have been insufficient, because she was a party to that judgment and she can only avail herself of that fraud in a direct proceeding to vacate and set aside the judgment. *Earle* v. *Earle*, 91 Ind. 27; *Nealis, Admr.*, v. *Dicks*, 72 Ind. 374; *Hogg* v. *Link*, 90 Ind. 346.

The same is true of the other judgment mentioned, by which the mortgage was foreclosed.

The allegation that her father's will was her property and that her brother Henry secreted it, does not make a cause of action, because it is not alleged that it was of any value to her or anybody else, and, moreover, if it may be supposed to have some value, it is not stated that the secretion of the will worked any harm or damage to her. If, notwithstanding its wrongful secretion, appellant received all that it bequeathed to her, then its secretion by appellee Struckman could not be the basis of a judgment for damages.

As to the note with which she charges her brother of wrongfully taking out of her possession, the complaint shows that it belonged to the estate of her father. In any possible view, we think the complaint wholly failed to state a cause of action.

The judgment is affirmed.

