NICHOLS ET AL. *v.* SPINDLER ET AL.

[No. 27,978. Filed April 4, 1944. Rehearing denied April 26, 1944. Petition for rehearing upon amended opinion denied and order made to correct opinion May 5, 1944.]

504

*Crumpacker & Friedrich and Jay E. Darlington,* all of Hammond, for appellants.

*Carl A. Huebner,* of Hammond, for appellees.

SHAKE, J.—The trial court found specially that at the time of her death, which occurred on July 27, 1922, Flora A. Binyon owned two tracts of real estate abutting upon Cedar Lake in Lake County, Indiana. On one of said tracts was located a building known as the "Binyon Hotel," in which the decedent had for many years operated an eating establishment for the accommodation of the public. By her will, of which the First National Bank of Lowell, Indiana, was executor, Flora A. Binyon devised said real estate to her six children, Lewis D., Claude E., Hal O., Emma Binyon Spindler, Floy Binyon Brownell, and Ella Binyon Nichols, as tenants in common, share and share alike. Said estate was adjudged closed with all debts paid on November 21, 1923. Prior to the discharge of the executor, however, all of the said children of Flora A. Binyon, except Emma Binyon Spindler, joined with their respective spouses in executing two so-called powers of attorney, by the terms of which they named, constituted, and appointed James U. Spindler, the husband of Emma Binyon Spindler, their agent to take complete charge of said described real estate, to cause the same to be surveyed and platted into lots, to sell and convey the same, to collect the purchase money therefrom, and to do any and all things and perform all acts necessary to be done in the premises. Promptly thereafter the said heirs platted said real estate into Binyon's Addition to Cedar Lake, containing 122 lots, and Binyon's Second Addition to Cedar Lake, consisting of 36 lots, together with streets and ways of ingress and egress. James U. Spindler accepted the responsibility thus placed upon him and

served until his authority was revoked by instruments executed between December 27, 1929 and March 12, 1930.

The appellees, James U. Spindler and Emma Spindler, instituted this action on March 17, 1930. Their amended complaint asked that the financial transactions of James U. Spindler, with respect to the real estate referred to above, be approved and that a partition of that part of said real estate owned by the parties when the action was commenced be ordered. There were answers challenging the accounting of James U. Spindler and a cross-complaint by which the appellants sought, in addition, to charge Mr. Spindler with the rental value of the hotel building during the years 1923 to 1926. On a timely request, the trial court made special findings of fact and stated conclusions of law. This appeal challenges certain of the conclusions of law and it is also asserted that the court erred in overruling the appellants' motion for a new trial of the issues formed on their cross-complaint, under which it is claimed that the decision was contrary to law. Only the evidence bearing upon the cross-complaint is before us.

In addition to the facts already stated in the first paragraph of this opinion, the trial court found that Mr. Spindler was properly chargeable with receipts from the sale of parts of said real estate in the aggregate sum of $17,960 and that he was entitled to credits for expenditures amounting to $15,142.55. The appellants say, generally, that all of the last mentioned sum was improper, except $953.62 expended for surveying, abstracts of title and recording deeds; that the complaint proceeded exclusively upon the theory of the express contract embodied in the so-called powers of attorney, which did not authorize Mr. Spindler to make

any expenditures, other than those embraced in the aforesaid item of $953.62; and that the trial court made no finding as to any express contract between the parties which would justify such expenditures.

The appellants have not correctly stated the theory of the complaint or the substance of the court's findings. The second paragraph of the amended complaint alleged that:

"James U. Spindler, was appointed, delegated, and empowered as trustee and agent for said aforesaid parties, to manage, operate, conduct, improve, protect and administer the said subdivided and platted part of the real estate of the said Flora A. Binyon, deceased, belonging to said heirs and devisees of said Flora A. Binyon, deceased, for and on behalf of the aforesaid individuals as principals and beneficiaries, with power and authority to contract for sale on any terms, to sell on any terms, to convey, to execute deeds, to collect and receive the purchase money theretofore, to exchange for other real or personal property, to make repairs and improvements thereon, to advertise for sale, to employ salesmen and agents to sell, and to pay commissions for the sale thereof, to pay all taxes and assessments upon any and all of the real estate of which Flora A. Binyon, deceased, died the owner of, to borrow money to carry out the foregoing powers, to discharge and pay all liens and charges upon or against the same, to pay and discharge all debts and liabilities of the estate of Flora A. Binyon, deceased, and to in every manner whatsoever, conduct the affairs and administer the estate and real property of which the said Flora A. Binyon, deceased, owned at the time of her death; . . ."

Except as hereinafter otherwise noted, the trial court expressly found that every item of expense entering into the credits allowed Mr. Spindler and aggregating $15,142.55 was incurred under a plan and arrangement previously agreed to by the appellants herein. This

amounted to a finding of an express contract between the parties.

With these general observations we come to a consideration of the particular conclusions of law and the findings upon which they are predicated, about which the appellants complain. The findings disclose that Mr. Spindler paid to Claude E. Binyon the sum of $6,038.96 as an advance distribution, under the plan and arrangement agreed upon by the parties; that Claude E. Binyon thereafter died testate and that by his last will his real estate was devised to his widow and their two sons; that the executrix under said will filed a proceeding to sell said real estate to pay debts, and in due time reported that she had sold the same to Lewis D. Binyon for $4,000 in cash, which transaction was approved by the court of probate; that in fact Lewis D. Binyon paid nothing for said real estate, but took title thereto in trust to secure said advancement made to Claude E. Binyon and for the benefit of the devisees named in his will; that Lewis D. Binyon thereafter died intestate and that his heirs at law subsequently conveyed the land formerly owned by Claude E. Binyon to the devisees named in his will for the sole purpose of reinvesting the grantees with title to said land. The court concluded as a matter of law that James U. Spindler should be charged with the advancements made to Claude E. Binyon and was entitled to have a trust declared on said land formerly owned by Claude E. Binyon to the extent of such advancements. The appellants say that this conclusion violated § 56-601, Burns' 1943 Replacement, § 14734, Baldwin's 1934, which forbids oral trusts in lands, and effectuated a collateral impeachment of the judgment of the probate court which authorized and approved the sale of the land belonging to the estate of Claude

E. Binyon to Lewis D. Binyon for $4,000 in cash. There is no merit in either of these contentions. Our statute expressly provides that a resulting trust may arise "where it shall be made to appear that, by agreement, and without any fraudulent intent, the party to whom the conveyance was made, or in whom the title shall vest, was to hold the land or some interest therein in trust for the party paying the purchase-money or some part thereof." § 56-608, Burns' 1943 Replacement, § 14741, Baldwin's 1934. The conveyance of the land to Lewis D. Binyon without consideration by the executrix was voidable; but the devisees had a right to let the deed stand and treat Lewis as a trustee, which he consented to be. There would be no point in requiring the deed to be set aside inasmuch as the devisees have been reinvested with title. *Comegys* v. *Emerick* (1892), 134 Ind. 148, 33 N. E. 899, 39 Am. St. Rep. 245. The devisees are not now in any different position than when title passed to them by the will, subject to the right of Mr. Spindler to be reimbursed for advancements made to the testator, under the contract between the parties in interest. An action for an accounting is an equitable proceeding; there are no rights of third parties here involved; and the trial court was amply justified in its conclusion, under the facts here presented.

The court below further found that at the time of her death Flora A. Binyon was indebted to the First National Bank of Lowell, Indiana, upon promissory notes in aggregate principal sum of $3,400. During the administration on the estate of Flora A. Binyon the parties hereto entered into an arrangement and agreement whereby James U. Spindler was authorized to sell the real estate devised to them by the will of Flora A. Binyon and to use so much of the

proceeds as might be needed for that purpose to discharge the debts of said decedent. Subsequently, the estate of Flora A. Binyon was closed upon a showing that all the debts thereof had been discharged by the executor; but the claim of said bank was never filed and never paid by the personal representative. Thereafter, James U. Spindler discharged said note, together with the accrued interest and attorney's fees thereon, and the trial court concluded that he was entitled to credit for this expenditure. The appellants' defense to this item is that it had been finally adjudicated by the probate court that all of the debts of Flora A. Binyon had been paid by the executor and that, as a consequence, the payment thereof by Mr. Spindler was improper. The lands devised to the appellants by their maternal ancestor were liable to be sold to provide funds with which to discharge her debts, and we are not acquainted with any rule of law, statutory or otherwise, that precluded them from voluntarily assuming these obligations to protect their respective titles and from directing that such obligations be paid out of their funds by their authorized agent. The appellants' contention does not merit further discussion.

James U. Spindler was also allowed a credit of $2,965 for commissions paid by him to persons who successfully negotiated for him sales of the appellants' lots. This was warranted by Finding 14, which recited that the appellants specifically authorized Mr. Spindler to pay such commissions; and by Finding 44, which stated that the commissions paid were in conformity with said authorization.

It appears from the findings that Mr. Spindler sold 10 lots for $2,500 and took in payment therefor a receipt for an unpaid claim against the estate of Flora A. Binyon in the sum of $250; a like sum in cash; and

10 shares, of the par value of $100 each, of the capital stock of the First National Bank of Lowell, Indiana. The court also found that this transaction was approved by Lewis D. Binyon, the oldest son of Flora A. Binyon, who acted as chairman or leader for his brothers and sisters at their meetings, at which the plans for the subdivision and marketing of their real estate were formulated and agreed upon, and at which they fixed the prices at which the various lots might be sold. Said stock afterwards became worthless. The court charged Mr. Spindler with the sale price of $2,500, and allowed him credit for $250 cash, $250 for the discharged claim, and $2,000 for the bank stock. From all that appears in the special findings, Mr. Spindler's sole authority for accepting payment for lots sold by him was the two powers of attorney executed by the appellants. These provided that he might: ". . . sell, contract for, dispose of, make, execute and deliver Deeds of conveyance, collect moneys for lots sold and in fact to take complete charge of the lots and lands hereinafter described, to sell the same, execute deeds of conveyance for each, any or all of said lands and lots and receive and receipt for all moneys received for or on account of any lots or lands sold, giving and granting unto our said Attorney full power and authority to do every act necessary to be done about the premises as fully as we might or could do if personally present. . . ."

The law seems to be settled that an agent may only sell real estate for cash, unless there are special terms in the power or special circumstances enlarging the authority. 2 C. J. S., *Agency,* § 114 (bb), p. 1331. No such special terms or circumstances are here disclosed by the findings, and we must conclude that the acceptance of the bank stock was beyond

Mr. Spindler's authority and therefore at his own risk. This being true, his expenditure of $100 for attorney's fees in his effort to avoid liability by reason of his being a holder of said bank stock, was likewise unauthorized. The appellants, Fanny Binyon, Millard Binyon and Spencer Binyon, as heirs at law of Lewis D. Binyon, deceased, are in no position to complain, or have their distributive share in the funds with which the agent is charged enhanced, however, inasmuch as it appears from the findings that said Lewis D. Binyon approved of the acceptance of said bank stock in lieu of cash. The appellee Emma Spindler is, of course, not here complaining. Conclusions of law 2A, 2B and 6 ought, therefore, to be restated so as to charge the appellee James U. Spindler with the sum of $2,000 in connection with the transaction by which he accepted said bank stock; so as to disallow the credit for $100 claimed by said Spindler as attorney's fees in resisting a stockholder's liability on said stock; and so as to vest one-sixth of the said increment in the appellant Hal O. Binyon, one-sixth in the appellants who are the legatees under the last will and testament of Claude E. Binyon, one-sixth in Floy Binyon Brownell, and one-sixth in Ella Binyon Nichols.

On September 15, 1927, Hal O. Binyon conveyed to James U. Spindler his undivided one-sixth interest in the real estate devised to him by his mother, excepting that already conveyed, in consideration of said Spindler having paid out of his own funds $5,429.72 to discharge a judgment lien against the said interest of said Hal O. Binyon. Up until the date of said conveyance Spindler, as agent of the appellants, had collected $17,000 from sales previously made, and the court found that he was entitled to charge credits against that amount in the sum of $15,142.55,

leaving a balance of $1,857.45 to be accounted for. There is nothing in the findings to disclose or indicate that Hal O. Binyon has ever parted with his undivided interest in this fund. The court concluded, erroneously, we think, that James U. Spindler was entitled to an undivided one-sixth interest in the said balance remaining in his hands and with which he is charged, by virtue of the said conveyance to him from Hal O. Binyon. We found no factual basis for this, and conclusion of law No. 6 will be ordered to be modified accordingly.

By their cross-complaint the appellants sought to charge the appellees Spindler and Spindler with $28,000 in rentals for the use and occupancy of the "Binyon Hotel" between the years 1922 and 1930. The court found that the hotel was operated during the period in controversy as follows: From 1922 until 1926 by David C. Spindler and Raymond Spindler, not parties to this action; during 1927 and 1928 by Ruby Spindler Brannon, likewise not a party; and from 1930 until 1933 by the appellee Emma Spindler, under an arrangement with the appellants whereby she was to pay the owners one-half of the net profits. It was further found that said Emma Spindler owed the appellants, on account of said profits, the sum of $191.22, less her one-sixth thereof. There was also a finding that the appellants were not entitled to recover from the appellee James U. Spindler on their cross-complaint; and the conclusions of law followed the findings.

The appellants challenged the decision on the cross-complaint as being contrary to law, by a motion for a new trial which was overruled. While the evidence bearing upon that issue was most conflicting, it was sufficient to sustain the decision. The

appellants' brief advances many reasons why this evidence should not be given weight, but this was a problem for the trial court.

The trial court is directed to restate its conclusions of law 2A, 2B and 6 in harmony with this opinion, and to modify its judgment accordingly; otherwise, the judgment is affirmed. The costs of this appeal shall be charged to and paid out of the funds in the hands of the trustee appointed by the court below as part of the expense of administering the trust.

NOTE.—Reported in 53 N. E. (2d) 888.