DIPERT, ADMINISTRATRIX DE BONIS NON *v.*
KILLINGBECK ET AL., ETC.

[No. 18,332. Filed May 15, 1953. Rehearing denied June 12, 1953.
Transfer denied October 14, 1953.]

*James P. Gleason,* of Michigan City, for appellant.

*Krueger & Fox* and *Robert E. Glasscott,* of Michigan City, and *Isadore E. Levine,* of LaPorte, for appellee.

KELLEY, J.—Appellant filed a petition in one paragraph for authority to sell certain described real estate to make assets for the payment of debts and administration expenses. Upon sustained motion of certain of the appellees, appellant was required by the LaPorte Superior Court to divide said petition into separate paragraphs. Appellant thereafter filed an amended petition in three paragraphs. As her first assignment of error, appellant alleges error in the sustaining of said motion to separate. Appellant admits in her brief that such action is not reversible error. Nevertheless, for purposes of the determination of the questions on this appeal, we treat said petition as consisting of only one paragraph.

The substance of the petition is: The decedent, John Killingbeck, died intestate on January 7, 1927, the owner in fee of the real estate described in the petition, and left as his only heirs at law, Alice A. Killingbeck, his widow, and his two sons, viz: Roy and Richard; that said widow became the administratrix of decedent's estate and, although not alleged in the petition, it is inferrible therefrom, that she continued to act in such capacity to the 15th day of January, 1947, on which date she died testate; that appellee Robert B. Killingbeck is, by the terms of her will, the sole beneficiary and executor thereof; that appellant is now the duly quali-

fied and acting administratrix *de bonis non* of the estate of said John Killingbeck; that at the time of decedent's death, said real estate was encumbered by a duly recorded mortgage executed by decedent and his wife, the said Alice, in favor of appellee, Citizens Bank of Michigan City, Indiana, etc., to secure their joint $500.00 note; that no personal property has come into the hands of either the original administratrix or the appellant; that a claim of appellee, LaPorte Discount Company, was reduced to judgment of $812.56 against the estate on June 27, 1930; that there is a pending claim and unpaid costs of administration. The petition does not allege that said described real estate was the only real estate owned by the decedent at the time of his death.

It is further averred that on June 6, 1938, said Bank, as mortgagee, brought action to foreclose its said mortgage; the petition does not so allege, but it was agreed by both sides in the argument, that all heirs, creditors, and interested parties, including decedent's widow, individually and as administratrix of decedent's estate, were made parties defendant to said foreclosure action; that said mortgage was duly ordered foreclosed in favor of said Bank by decree of the court rendered on January 12, 1939, in pursuance of which a Sheriff's sale was held, a Sheriff's certificate of sale was issued to said Bank, and, at the expiration of the redemption period, a Sheriff's Deed for said real estate was issued to said Bank and was duly recorded; that on July 24, 1940, said Bank conveyed said real estate to the appellee, Leonard Smith, by Warranty Deed, for which he paid the Bank the amount due it on said mortgage, plus the foreclosure and conveyance expense and certain assessments.

It is further alleged that said widow of said decedent

made no effort to obtain funds for the satisfaction and discharge of said mortgage nor to cause said real estate to be sold for benefit of the heirs and creditors; that she entered into "an arrangement" with appellees Leonard Smith and said Bank whereby she would make no effort to "refinance" said mortgage, redeem from sale, or sell the real estate to pay debts, that she would permit judgment of foreclosure, time of redemption to expire, Sheriff's deed to issue ·to said Bank, and the latter, upon payment to it by said Smith of the amount due it, would convey the real estate to said Smith, who was to convey said real estate to the said widow upon her repayment to him of the funds advanced by him; that about the time of said Warranty Deed to said Smith, viz: July 24, 1940, the latter entered into a written contract with said widow agreeing to convey said real estate to her upon payment 'to him of the funds he advanced; that under said "arrangement" it was the intention of the said widow, said Bank, and said Smith to acquire the title in the latter's name for the beneficial interest of the said widow, deprive the heirs and creditors of any benefit therefrom, and to prevent the sale of said real estate for the purpose of making assets; that "by virtue of the foregoing facts" the interest of said Leonard Smith "amounts to no more than a mortgage lien" on said real estate. Prayer was for determination of rights of the parties, order of sale of the real estate, and other specified and general relief.

To said petition, certain of the appellees, including decedent's said son, Roy, said Robert Killingbeck, individually and as executor of the will of said decedent's widow, and said Bank, addressed a demurrer for want of facts sufficient to constitute a cause of action, which demurrer was sustained by the court. Appellant refused to plead further and judgment was rendered against

her and that she take nothing by the proceeding, and that said appellees recover their costs. From this judgment appellant appeals and assigns as error the ruling of the court in sustaining said demurrer.

(The reference to "appellant" in this opinion shall be taken to mean appellant in her fiduciary capacity unless otherwise noted.)

Under the said allegations of the appellant's petition, the real estate, upon the death of the decedent, descended to his heirs, viz: his widow, Alice A. Killingbeck, and his two sons, Roy and Richard, subject to the mortgage lien thereon in favor of the appellee, Citizens Bank of Michigan City, Indiana. No petition or proceeding was ever filed or instituted by the former administratrix for authority to sell said real estate for the payment of debts nor is there any allegation that any creditor ever petitioned the court to require said administratrix to sell said real estate for such purpose. §6-1144, Burns' 1933.

Eleven years after decedent's death the appellee Bank brought action against the heirs, creditors, the widow, individually and as administratrix of decedent's estate, and other proper parties to foreclose its mortgage. In said cause a foreclosure decree was rendered in 1939 in favor of said Bank and, pursuant thereto, said real estate was sold at Sheriff's sale to the Bank, and, at the expiration of the redemption period, said real estate was conveyed to said Bank by Sheriff's deed.

The averments of appellant's petition, except those which refer to matters subsequent to the Bank's deed to Smith in 1940, have the effect of a collateral attack upon said foreclosure decree and the Bank's title under the deed issued to it pursuant thereto. Said judgment and the proceedings with relation thereto cannot be collaterally attacked. Henry's

Probate Law, 5th Ed., Vol. 1, page 314, §264, Note 96. In *Shultz* v. *Shultz* (1894), 136 Ind. 323, 36 N. E. 126, the court said:

> "Until that judgment is out of the way, the appellant cannot recover another judgment which operates as an impeachment of the first judgment. . . . so long as it (the judgment) stands, it imports absolute verity as to every proposition of law *and fact* essential to its existence against all parties to it. . . . it makes no difference how wicked the conspiracy was that is charged against all the parties to bring about that result. As the result was just, right, and lawful, the conspiracy and evil acts charged did not harm appellant,—did not deprive her of any legal right,—and therefore no ground to complain is shown. . . ." (Our emphasis)

The allegations of appellant's petition referring to matters transpiring subsequent to the time the Bank deeded the real estate to Smith, resolve themselves into one basic, substantive proposition, namely: that the appellee, Leonard Smith, agreed to advance the necessary funds to pay the Bank and take a deed therefor in his name and that he, at about the same time he received his deed from the Bank, entered into a written contract with the decedent's widow whereby he agreed "to convey said real estate to her upon payment of the amount of the funds so advanced." Appellant further alleges that by virtue of the facts "the interest of said defendant Leonard Smith amounts to no more than a mortgage lien on said real estate."

A demurrer calls in question not only the sufficiency of the alleged facts but the right of the plaintiff to maintain the action. *Pence* v. *Aughe, Guardian* (1885), 101 Ind. 317. The action here is a statutory proceeding for the sale of real estate in which, as an incident thereof, the court is called upon to determine the title to and interests in the real estate.

The appellant's right, as an administratrix *de bonis non,* to maintain this proceeding requires the averment of facts which, if proven, would bring the subject matter sufficiently within the jurisdiction of the court that it would be authorized to take such action within its powers as are requisite for the granting of such relief as, under the proven facts, would be proper.

The real estate was at no time an asset of decedent's estate and, by reason of the alleged failure of the former administratrix to apply for its sale for the payment of debts, said estate, by its administratrix, never acquired possession of or any control over the real estate. All further right of the estate to pursue the real estate for the payment of debts was lost and foreclosed by the decree of the court foreclosing the mortgage of the appellee Bank. The entire title and interest of the heirs, who then owned the real estate, was completely and finally severed and terminated by the Sheriff's deed executed to said Bank pursuant to said judgment. The foreclosure decree which stands unassailed, was an action *in rem* and all rights therein were forever concluded thereby. *Pilliod* v. *Angola R., etc., Co.* (1911), 46 Ind. App. 719, 726, 91 N. E. 829. It is apparent, therefore, that the title of the appellee, Leonard Smith, cannot be disturbed in this proceeding unless the averments of appellant's petition as to matters occurring subsequent to July 24, 1940, furnish some recognized ground or authority upon which could be predicated the exercise of the powers of the court to so construe or utilize said contract between Smith and decedent's widow as to render the real estate subject to sale, as prayed for by appellant. Has the appellant, by her petition, alleged facts sufficient to show such a recognized ground or authority? We think not. There are no allegations which would constitute the

real estate trust property of the decedent's estate or which show legal fraud. The former administratrix may have been derelict in the performance of her duties as such administratrix. If so, the statute provides for an action on her bond. §§6-2101, 6-2103, Burns' 1933. The "arrangement" between the widow, Smith, and the Bank, as alleged by appellant, in our opinion, not only falls far short of establishing a legal fraud but, even if sufficient therefor, could not be inquired into in this proceeding so long as said foreclosure decree stands. *Shultz* v. *Shultz, supra*. The mere fact, alleged by appellant, that at the time Smith received his deed from the Bank he agreed with said widow, and entered into a written contract with her, that he would convey the same to her upon payment of his advances, is not sufficient to show either legal fraud or to present a situation which inures to the benefit of decedent's estate, for the reason, as before stated, that said real estate was never trust property and was never within the control or possession of the former administratrix, as such. The real estate remained the property of the said heirs of the decedent from the time of his death to the time the Sheriff's deed issued to the Bank pursuant to the said foreclosure decree.

Appellant's petition shows that neither she nor decedent's estate were parties to said contract between Smith and said widow. Appellant could not compel specific performance thereof by Smith. There are no allegations in the petition which show, either directly or by intendment, that the rights of the widow under said contract are available to any other person. For aught that appears in the petition, the right given the widow by said contract to purchase the real estate upon the consideration mentioned therein was a covenant personal to her. Apparently, from the

allegations of the petition, the widow died in 1947 without exercising her rights under said contract. The petition certainly does not disclose facts showing that the appellant stands in any position to exercise such contract rights. It follows that appellant fails to show any right in herself, as such administratrix *de bonis non,* to maintain this action.

Appellant's petition does not state sufficient facts to constitute a cause of action against the appellees who joined in the demurrer nor does it allege facts showing a right of action in the appellant. There was no error in sustaining the demurrer thereto.

Judgment affirmed.

## ON PETITION FOR REHEARING

KELLEY, J.—Appellant petitions for a rehearing upon the grounds that we contravened certain ruling precedents of the Supreme Court and that we erroneously decided a new question of law.

It is alleged that in holding that certain averments of appellant's petition had the effect of a collateral attack upon the mortgage foreclosure decree and the deed issued by the Sheriff to the Bank pursuant thereto, we contravened the ruling precedents established by the Supreme Court in the cases of *Comegys* v. *Emerick* (1893), 134 Ind. 148, 154, 33 N. E. 899 and *Nichols* v. *Spindler* (1944), 222 Ind. 502, 509, 53 N. E. 2d 888. The facts in the Comegys case are not at all similar to the facts pleaded by appellant in this case. In fact that case goes far to support the holding in our opinion which the appellant here seeks to attack. In the cited case, the executrix obtained an order for the sale of the real estate, assigned to her son a fraudulently allowed claim against the estate, which he used to pur-

chase the real estate at the sale by her as executrix. In the instant case the administratrix at no time obtained an order for the sale of the real estate nor did she in any other way or manner obtain any control, right, or jurisdiction over the real estate, as administratrix. In the Comegys case the plaintiffs seeking relief were the heirs of the decedent. In the present case neither the heirs nor any claiming as *cestui que* trustants were joined as plaintiffs or petitioners. In the cited case, the court held, as we held in this case, that the judgment could not be collaterally attacked. In other particulars the court there enunciated rulings which support our decision in the case at bar.

The said Nichols case was an action for approval of the financial transactions of an agent or trustee and for partition. A cross-complaint was filed seeking to charge the agent or trustee with the rental value of a described building. It lends no support to appellant's contention that we contravened a ruling precedent.

The appellant further says that in holding that the real estate was never trust property and was never in the control or possession of the administratrix, as such, we contravened the ruling precedents laid down in the cases of *Martin* v. *Wyncoop* (1859), 12 Ind. 266, 269, and *Hunsucker* v. *Smith* (1874), 49 Ind. 114.

The Martin case, like the Comegys case, involved facts and rulings wholly dissimilar to those in the instant proceeding. There the heirs of the decedent were the plaintiffs and the facts showed that one Morris held judgments against Pierce in the latter's lifetime and that after Morris became the administrator of Pierce's estate, he, the said Morris, bought the land at the sale enforcing the lien of his judgments, and thereafter conveyed the same to one Martin. The court held that when Morris accepted the trust as executor, "he

was no longer at liberty to exert his rights as creditor in opposition to his duties as executor." The case is not in point. In the present action, the administratrix held no judgment or other lien against the decedent's real estate, she exerted no rights in opposition to her duty as administratrix, and she had no right or interest in the mortgage lien which was foreclosed. In the said Hunsucker case, the widow and heir of the decedent was the plaintiff. The administrator, holding a mortgage on the land of the decedent, foreclosed it and purchased the land at the sheriff's sale. Again we point out that the administrator held a lien and interest in the real estate which rendered antagonistic his duty as administrator and his interest as a lien creditor. Such facts do not comport with the circumstances pleaded by appellant in her petition, wherein the administratrix is shown to have no right, lien, or claim in or to the real estate which would render the real estate trust property of the estate or constitute her a trustee thereof.

We call appellant's attention to the fact that in each of the cases relied upon by her and heretofore commented upon, the plaintiff or moving party was an heir alleging rights and interest in the real estate obtained by the fiduciary. The appellant stands in no such position. Her right to maintain the action she instituted depends upon entirely different considerations than those of an heir or a *cestui que* trustant and, as shown in our opinion, her petition discloses no facts establishing any right in herself, as administratrix *de bonis non,* to maintain the action.

Appellant further contends that we have erroneously decided a new question of law and she proceeds to state the alleged new question. However, in her contention and statement, appellant does not restrict herself to the facts as she pleaded them in her petition, but sets

30

forth a very general question without the averment of any applicable facts. We cannot agree with appellant's contention.

Petition for rehearing denied.

NOTE.—Reported in 112 N. E. 2d 306.
Rehearing denied 112 N. E. 2d 885.