STATE of Indiana, on the relation of Jerry NEESE, Mrs. Jerry Neese, Earl William Neese, Neese Printing Co., d/b/a Mid-State Newspapers, Inc., M. Dale Palmer, and Harlan H. Hinkle, Relators,

v.

MONTGOMERY CIRCUIT COURT, Honorable Thomas K. Milligan, as Judge of the Montgomery Circuit Court, Respondents.

No. 879S227.

Supreme Court of Indiana.

Feb. 4, 1980.

Harlan H. Hinkle, Palmer, Hinkle, Keck & Webb, Danville, for relators.

Arthur N. Northrup, Martz, Beattey, Hinds & Wallace, Indianapolis, for respondents.

HUNTER, Justice.

This is an original action filed by relators following our denial of a temporary writ of mandate and prohibition. The issue raised by relators is whether or not in a suit for an accounting by a minority shareholder the trial court has authority to order an independent audit of the corporation's books after the trial but before a final judgment is rendered. We now find that the question presented is not a proper subject for an original action and therefore deny the application for a permanent writ.

This action began as a suit for an accounting brought by Don Richer, a minority shareholder in Mid-States Newspapers, Inc. (hereinafter called Mid-States), against Mid-States and Jerry Neese, Mrs. Jerry Neese and others who were on the Board of Directors of Mid-States. Richer alleged that the corporation had been mismanaged and that there had been falsification of records, misstatement of income, failure to pay dividends and conversion of the corporation's funds to the directors' personal use. The trial was held in Montgomery Circuit Court before The Honorable Thomas K. Milligan.

After completion of the presentation of the evidence, Judge Milligan took the matter under advisement and later filed an order for an audit of the corporation's books by an independent accounting firm. He found that there appeared to be significant discrepancies between the income actually received and what was reported on tax returns and financial reports. He found that because of the complex and confusing accounting principles used by the corporation it was necessary to have the report of an independent accounting firm in order to make sufficient findings of fact to determine the issues raised in the trial. Relators' objection to this order was denied.

Relators then brought the original action before this Court claiming that although the normal appellate process would be one way of reaching the issue, it would be costly and an extreme hardship for them to have to submit to the audit and then to appeal if the trial court's decision were to go against them. Relators now request this Court to order the respondents to refrain from any and all acts in connection with the ordering of the independent accounting.

We have often held that original actions are viewed with extreme disfavor by this Court. *State ex rel. White v. Marion Sup. Ct.*, (1979) Ind., 391 N.E.2d 596; *State ex rel. Sendak v. Marion Sup. Ct.*, (1978) Ind., 373 N.E.2d 145; *State ex rel. Gibson General Hospital v. Warrick Cir. Ct.*, (1966) 247 Ind. 240, 214 N.E.2d 655. Writs of mandate and prohibition will be issued only where the trial court has an absolute duty to act or refrain from acting. *State ex rel. Wm. H. Block Co. v. Sup. Ct. of Marion Cty.*, (1943) 221 Ind. 228, 47 N.E.2d 139. The extraordinary remedy of a writ is not appropriate unless a clear and obvious emergency exists and the failure of this Court to act would result in substantial injustice. *State ex rel. Indiana State Board of Finance v. Marion County Sup. Ct.*, (1979) Ind., 396 N.E.2d 340. Where the matter lies within the sound discretion of the trial court, this Court will not consider applications for writs of mandate and prohibition since the legal remedy of an appeal is adequate. *State ex rel. Shelbyville Newspapers, Inc. v. Shelby Sup. Ct.*, (1979) Ind., 396 N.E.2d 337; *State ex rel. White v. Marion Sup. Ct., supra.*

It is well settled that an action for an accounting by a minority shareholder is a proceeding in equity. *Cressy v. Shannon Continental Corp.*, (1978) Ind.App., 378 N.E.2d 941; *Nichols v. Spindler*, (1944) 222 Ind. 502, 53 N.E.2d 888; *Ratliff v. Stretch*, (1892) 130 Ind. 282, 30 N.E. 30. The court, in equity, has authority to fashion complete relief, adjusting the relief in such a way as to afford fair protection to the rights of all parties.

In the case at bar, we find there is no obvious emergency and no substantial injustice will result from the action of the respondent court. The extreme hardship alleged to be suffered by relators in undergoing an audit by an independent accounting firm does not appear sufficient to require the extraordinary remedy of a writ. The trial court has the discretion in equity to fashion a complete relief for both parties and by the very nature of this suit, it appears that this relief must necessarily include at some time a fair and accurate accounting of the corporation's books. The remedy of appeal is adequate to challenge the trial court's discretion in this matter and the timeliness of its order. We find that an original action is not appropriate under these circumstances.

Therefore, the petition for a writ of mandate and prohibition is hereby denied.

PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.

GIVAN, C. J., dissents.