**Thomas E. CLAY, Appellant–Plaintiff,**

**v.**

**William A. WRIGHT and Wanda J. Wright (now Schaab), Appellee–Defendants.**

**No. 10A01–8909–CV–349.[1]**

Court of Appeals of Indiana, First District.

Feb. 21, 1994.

Transfer Denied June 20, 1994.

---

1. This case was transferred to this office on January 7, 1994, by direction of the Chief Judge.

Thomas E. Clay, pro se.

William A. Wright, pro se.

BAKER, Judge.

Can a defendant who is incarcerated be afforded an opportunity to be heard by the court by means other than his personal appearance?

Appellant-plaintiff Thomas E. Clay challenges the trial court's order setting aside the prior summary judgment in a foreclosure action and staying a sheriff's sale of appellee-defendant William A. Wright's property until Wright is released from prison. Clay contends that the trial court erred in finding that Wright had not been afforded due process of law in Clay's foreclosure action.[2]

### FACTS

Clay is an attorney licensed to practice law in Kentucky. In 1980, Clay provided $15,000 worth of legal services to Wright, who was being prosecuted for several criminal charges in Kentucky. As evidence of his indebtedness to Clay, Wright executed a $15,000 promissory note to Clay due on February 1, 1983. To secure the note, Wright and his wife Wanda J. Wright (now Schabb) executed and delivered to Clay the mortgage for their property located in Jeffersonville, Indiana.

On May 24, 1982, Wright was convicted and sentenced to sixty-six years in prison. Wright failed to pay the promissory note when it came due. On September 7, 1983, Clay filed a complaint seeking to foreclose on the mortgage. On September 23, 1983, Wright filed an answer and counterclaim pro se attacking the promissory note and Clay's effectiveness as his counsel. Clay then filed a motion for summary judgment.

At the June 28, 1984 hearing Wanda represented her interest in the foreclosure action, which was identical to Wright's. On July 18, 1984, the trial court granted Clay's motion for summary judgment, ordered the Clark County Sheriff to sell the Wrights' property at a public auction, and dismissed Wright's counterclaims as improperly venued and barred by the statute of limitations. Wright then filed a motion to correct errors, which was denied. Thereafter, Wright filed an appeal challenging the trial court's denial of his motion to correct errors as untimely. We dismissed that appeal pursuant to Clay's motion. Wright's petition for transfer to the Indiana Supreme Court was denied.

On June 26, 1986, the Clark County Sheriff published notice of a public auction of the Wrights' property on August 12, 1986. On July 8, 1986, Wright filed a motion for relief from judgment, which was denied. On the same day Wright filed a complaint against Clay, which was dismissed as was the subsequent appeal to this court. On September 26, 1986, Wright filed a motion to correct errors in the foreclosure action, which was denied. Thereafter, Wright filed an appeal which this court denied on February 11, 1987, for lack of jurisdiction because Wright did not timely file the record. Wright's petition for rehearing was denied on March 23, 1987. On January 22, 1988, Wright filed yet another motion for relief of judgment, which was denied.

On May 5, 1988, Judge Richard G. Striegel was appointed as Special Judge to consider Wright's petition for a temporary restraining order to enjoin the sheriff's sale. After a

---

**2.** Wanda J. Wright is not an appellant in this action.

hearing Judge Striegel stayed the sheriff's sale. He later ordered the parties to submit memoranda on the court's jurisdiction over Wright when the trial court had entered summary judgment in favor of Clay on July 18, 1984.

In his findings of fact entered on February 21, 1989, Judge Striegel found that because Wright was incarcerated at all times since Clay instituted the foreclosure action Wright never had the opportunity to be heard; and therefore, was denied due process of law. Pursuant to Indiana Trial Rule 60(B)(8), Judge Striegel then set aside the summary judgment in favor of Clay and stayed all further proceedings until Wright is released from prison. Clay's motion to correct errors was denied. Clay now challenges Judge Striegel's finding that Wright was denied the opportunity to be heard in this action.

### DISCUSSION AND DECISION[3]

■ Clay attacks the trial court's finding that Wright did not have an opportunity to be heard by the court in the action to foreclose on the mortgage of Wright's real estate.

■ When reviewing a trial court's findings of fact and conclusions of law, we will not reweigh the evidence or judge witness credibility, and we will not set aside those findings unless they are clearly erroneous. *Vanderburgh County v. Rittenhouse* (1991), Ind.App., 575 N.E.2d 663, 665–66, *trans. denied.* We will not reverse the trial court unless, there is a total lack of supporting evidence or the evidence is undisputed and leads only to a conclusion contrary to the trial court's. *Id.*

■ Specifically, Clay contends that Wright answered his foreclosure complaint and filed counterclaims, and thus, had the opportunity to be heard.[4] The undisputed evidence in this case is that Wright voluntarily filed an answer to Clay's foreclosure action. In his answer, Wright admitted some statements in Clay's complaint, denied others, and asserted defenses of ineffective assistance of counsel and fraud. Wright also filed several counterclaims against Clay seeking $3,000,000 in damages. In addition, Wright's former wife Wanda, who had the same interest in the foreclosure action as Wright, was present and represented that interest at the summary judgment hearing.

Thus, although Wright was incarcerated during the foreclosure proceeding, the undisputed evidence shows that not only did Wright have an opportunity to be heard by the court, but that he took full advantage of it.[5] The trial court erred in reaching a con-

3. Wright argues that the summary judgment in Clay's favor is an interlocutory order, and thus, we lack jurisdiction over this appeal. Wright claims that because Clay's foreclosure complaint lists several defendants which the trial court did not designate by name, but by "et al.," in its summary judgment order, that the summary judgment is not a final judgment. This claim is without merit. Et al. is an abbreviation for "and others." Black's Law Dictionary, Fourth Edition (1968). Where the words et. al. are used in a judgment against several defendants, all the defendants involved in the action are thereby included. *Id.*

4. Wright argues that because he was incarcerated during the foreclosure proceeding that the trial court did not have personal jurisdiction over him; and therefore, could not foreclose on the mortgaged real estate. Wright waived this issue by not raising it in a motion or responsive pleading before he filed his answer. *See* Ind.Trial Rule 12. The trial court acquired in personam jurisdiction over Wright when he filed his answer without asserting lack of jurisdiction as a defense. *See Phillips v. Great Lakes Health Congress* (1976), 170 Ind.App. 674, 676, 354 N.E.2d

307, 309. It has long been held that by filing an answer to the merits of a complaint, a defendant waives all objections to the jurisdiction of his person. *American Mutual Life Insurance Co. v. Mason* (1902), 159 Ind. 15, 20, 64 N.E. 525, 527. Filing an answer is equivalent to a voluntary appearance and gives the court jurisdiction over the person. *U.S. Health & Accident Insurance Co. v. Clark* (1908), 41 Ind.App. 345, 349, 83 N.E. 760, 761–62. A party who voluntarily appears and answers a complaint may not question whether or not the court has personal jurisdiction over him. *Bauer v. Samson Lodge, No. 32, K. of P.* (1885), 102 Ind. 262, 266, 1 N.E. 571, 573. There is no constitutional bar to the court's personal jurisdiction over a party who voluntarily appears and files an answer. *Phillips*, 354 N.E.2d at 309.

5. Wright also seized every opportunity to be heard after the trial court granted Clay's motion for summary judgment, filing two motions to correct errors, two motions for relief of judgment, two complaints, one petition for a temporary restraining order, three appeals to this court, one petition for rehearing to this court, and one appeal to the Indiana Supreme Court.

clusion to the contrary. We vacate the trial court's order setting aside the summary judgment in Clay's favor and the order staying the sheriff's sale based upon this erroneous finding.

■ We also note that if Wright had any valid claim to assert he would be estopped from raising it now. Because Wright was a defendant in the foreclosure action, the summary judgment for Clay estops Wright from raising any question which was or could have been litigated in the foreclosure action. *See Pilliod v. Angola Ry. & Power Co.* (1910), 46 Ind.App. 719, 91 N.E. 829, 832; *see also Dipert v. Killingbeck* (1953), 124 Ind.App. 18, 25, 112 N.E.2d 306, 309 (suit resulting in foreclosure of a real estate mortgage is an in rem action and all rights in the real estate are forever concluded by the foreclosure decree).

Judgment reversed and remanded to reinstate the summary judgment for Clay.

ROBERTSON and STATON, JJ., concur.