# Brown's Appeal.

66  155<br>190  184

1. The Act of December 14th 1863 (Landlord and Tenant) is a complete system for obtaining possession by a landlord.

2. A landlord commenced proceedings before a justice to recover possession; before judgment, the magistrate and plaintiff were enjoined by the Common Pleas. *Held* to be error, and out of the jurisdiction of the court.

3. The remedy for the tenant was by certiorari or appeal.

4. Where there is a positive statutory remedy, which may be pursued, equity cannot interfere on the ground of irreparable mischief.

5. *Lex nemini facit injuriam,* applied.

6. Irreparable damages cannot be alleged against statutory remedies legally pursued.

October 17th and 18th 1870. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Appeal from the Court of Common Pleas of *Erie county.* In Equity. No. 187, to October and November Term 1869.

On the 16th of April 1866, Philena Brown and Joshua Folansbee, two of the executors of Hiram L. Brown, deceased, commenced proceedings under the Act of December 14th 1863 (Pamph. L. 1864, 1125, Purd. 1341, pl. 1), against William C. Curry and the plaintiff, to recover possession of certain premises, the estate of the decedent; the complaint alleged that they had given notice

to the tenants to remove, &c.　The parties appeared on the 21st, and at the request of the tenants the case was adjourned until the 18th of May.

On the 12th of May 1866, The Second National Bank of Erie filed a bill against Philena Brown, John Hearn and Joshua Folansbee, executors, &c., of H. L. Brown, deceased, setting out:—

2 and 3. That about April 1st 1865, they entered into a parol agreement with Mrs. Brown and Hearn to rent for banking purposes two rooms in a building known as "Brown's Hotel," part of the estate of the decedent, for three years, with the privilege of extending the lease two years longer, at the rent of $800 per annum, payable quarterly, and to execute a written lease shortly after; that the rooms were not in a propor condition for the business, and in consideration of the length of the lease, the complainants made extensive and costly improvements, under the observation of Mrs. Brown and Hearn.

6. Mrs. Brown and Folansbee refused to carry out the agreement, Hearn being willing to do so, and they had instituted proceedings at law to dispossess complainants unless they would pay an increased rent.

The prayer was to restrain Mrs. Brown and Folansbee from proceeding at law to dispossess complainants, and that defendants be decreed to execute a lease according to the agreement.

Judge Johnson, at chambers, granted a special injunction.

Mrs. Brown and Folansbee by their answer averred:—

4. That the complainant had a full and adequate remedy at law.

5. Folansbee denied knowledge of the agreement, &c., with complainants, but admitted that he had joined in proceedings to dispossess complainants.

6 and 7. Mrs. Brown denied the agreement to lease set out in the bill, or that complainants took possession under such agreement, and averred that one Curry had been in possession of the premises as tenant from year to year, and that the complainants' possession was but a continuance of Curry's.

Hearn admitted the allegations in the bill.

Testimony was taken in support of the allegations in the bill, and on the 30th of September 1868, the court (Vincent, J.) decreed that the injunction be made perpetual.

The defendants appealed to the Supreme Court, and assigned the decree for error.

*B. Grant* (with whom was *S. A. Davenport*), for appellants.—
The mode provided in the Act of 1863 (*supra*) must be pursued:
Act of March 21st 1806, § 13, 4 Sm. L. 432, Purd. 41, pl. 5.
This was a proceeding at law, and the court in equity have no power to enjoin it: Gilder *v.* Merwin, 6 Whart. 541–543; Hag-

ner *v.* Heyberger, 7 W. & S. 107; Erie Canal Company *v.* Lowry, 6 Am. L. Reg. 750; Bright's Eq., § 25, p. 283.

*J. C. Marshall* (with whom was *F. F. Marshall*), for appellee. —Jurisdiction in equity is not ousted unless the remedy at law be complete and adequate: Kirkpatrick *v.* McDonald, 1 Jones 387; Skilton *v.* Webster, Brightly's R. 302.

The opinion of the court was delivered, November 3d 1870, by

THOMPSON, C. J.—The only question we shall notice in this appeal is, that of the jurisdiction of the Court of Common Pleas in granting the injunction complained of: we shall therefore pass by all questions in the case but this.

The Landlord and Tenant Act of 1863 provides an ample remedy whereby to recover possession of leased premises when it is alleged that the term has expired. It is not a one-sided remedy, for it allows to the defendant ample scope to allege and prove any legal defence he may have against the plaintiff's demand, with the right of review by appeal or certiorari. It is a complete system for that species of controversy. I do not know that it is a wise system; that may be doubted, but it is complete in itself. Proceedings under this system were legally and regularly begun by the defendants, as appears by the records before us; but before a final result was arrived at, the Court of Common Pleas interposed by injunction, and stopped them. The reason assigned for this was, supposed hardship upon the plaintiffs, if the plaintiffs in the proceeding repossessed themselves of what they had leased to the defendants. This was manifest interference without authority of law. The court had no jurisdiction in equity of the proceedings. They were not contrary to law; and if they had been, an injunction was not a correctional process. That was to be done by the process provided in the act, viz., by appeal or certiorari. These were the legal matters provided in the act, and a court of equity could not supplement them. Courts may restrain acts contrary to law, but not where they are according to positive law. That would be to put the courts above the legislature. Where a positive statutory remedy exists and may be pursued, equity cannot interfere on the ground of irreparable mischief. The "law injures no one," is a maxim which inculcates obedience to law. Where positive law in point of fact injures, it is the legislature which must furnish the corrective; courts cannot. Irreparable damages cannot be alleged against statutory remedies legally pursued, and that was the case of the plaintiffs before the magistrate. These principles are plain, and need neither authority nor elaboration to substantiate. We think the court below had no jurisdiction in equity to restrain these defendants from proceeding under the Landlord and Tenant Act referred to,

to try their right to repossess themselves of the leased premises in question.    The decree in the case is therefore reversed, and the bill is dismissed at the costs of the appellees.