## Juergen, Appellant, *v.* Allegheny County.

*Landlord and tenant—Termination of lease—Proceedings under Act of March* 21, 1772, 1 *Sm. L.* 370.

Where a tenant has been evicted by the sheriff in proceedings under the Act of March 21, 1772, 1 Sm. L. 370, in which proceedings regularly conducted it was found by the justices and the twelve freeholders that the term had fully ended, the tenant cannot thereafter maintain an action for damages for unlawful eviction.

Argued, Oct. 30, 1902. Appeal, No. 97, Oct. T., 1902, by plaintiff, from order of C. P. No. 1, Allegheny Co., Dec. T., 1897, No. 198, refusing to take off nonsuit in case of Henry W. Juergen v. Allegheny County. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass for an alleged wrongful eviction.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was order refusing to take off nonsuit.

*J. S. Ferguson,* with him *John F. Cox* and *E. G. Ferguson,* for appellant.—The serious question arises on the other question involved. The plaintiff was dispossessed under the act of March 21, 1772. He had no appeal given by that act. The complaint was untrue in its face. It alleged a lease for five years expiring April 1, 1896, and nothing else. The purpose of the act evidently was to give possession under the action of the justices and the jury. There was no other purpose to serve. In proceedings under the act of 1772 all the facts necessary to confer jurisdiction must appear on the face of the record : McGee v. Fessler, 1 Pa. 126.

It is essential that it should appear by the record that the term was fully ended : Blashford v. Duncan, 2 S. & R. 480 ; Fahnestock v. Faustenauer, 5 S. & R. 174.

The act of 1772 was intended to be applied to the plain and ordinary case of a demise at a certain rent and a tenancy whose termination is independent of a contingency : Steel v. Thompson, 3 P. & W. 34.

*A. C. Johnson*, with him *George P. Murray*, for appellee.—The suggestion of appellant that the purpose of the act evidently was to give possession under the action of the justices and jury, is doubtless correct, but one of the essential and vital questions for their determination is whether or not the term is ended, and unless that fact is found in favor of the landlord, no judgment can be rendered for him: De Coursey v. Guarantee Trust & Safe Dep. Co., 81 Pa. 217.

OPINION BY MR. JUSTICE BROWN, January 5, 1903:

On March 30, 1891, the county of Allegheny leased a property in the city of Pittsburg to H. W. Juergen and George B. Smith. The latter, sometime during the term, assigned his interest to his co-lessee. The clause in the lease involved in this controversy is: "The said party of the first part do hereby lease and let unto the said parties of the second part from the first day of April, A. D. 1891, for and during the term of five years, and the privilege of re-leasing at an increased annual rental, for the annual rent of $3,000." The contention of the appellant is, that there ought to have been inserted in the foregoing clause, after the word "re-leasing," a stipulation that the renewal of the lease should be at a rental of $3,500 per year for ten years, and at a rental of $4,000 for five years thereafter, and that, by accident or mistake, the intention and agreement of the parties were not so expressed in the lease. On December 31, 1895, the county of Allegheny notified the appellant to vacate the premises on April 1, 1896, on the ground that the term would then end. This notice was disregarded. On April 2, 1896, proceedings were instituted, under the provisions of the Act of March 21, 1772, 1 Sm. L. 370, to recover possession of the property, and, after a finding by the justices and the twelve freeholders, summoned in pursuance of the act, that the term had fully ended, the appellant was evicted by the sheriff of the county.

This is an action of trespass by the lessee against the lessor for alleged unlawful eviction from the leased premises. It is not an action for damages resulting from an alleged breach of a contract or agreement by the county of Allegheny to re-lease the premises to the lessor after the expiration of the period of five years. After notice had been served upon him to vacate

them on April 1, 1896, he made demand on the commissioners of the county that the lease be renewed in accordance with the terms which he alleged were omitted from the agreement of March 30, 1891. This was refused and the eviction followed. The ground of the lessee's complaint, as set forth in the statement of his cause of action, is that this eviction was unlawful; but his own proof is otherwise. He was ejected from the premises by the sheriff of the county in the execution of a warrant to dispossess him, issued on the judgment of the tribunal created by the act of 1772, that the term of his lease had fully ended. If the term for which he had leased had ended, the eviction by proceedings regularly conducted under the act of assembly could not be unlawful; on the contrary, it was for the court to declare it lawful, and, if so, no wrong was done by it to the lessee for which he can recover damages from his lessor. Whether the term had fully ended was for the determination of the justices and twelve freeholders. They found that it had ended, and, in so doing, they may or may not have considered the alleged breach by the county commissioners of their agreement to renew the lease for ten years and to extend the term for that period. But our concern is only with what they found, not with what they may have considered; and their finding simply was that the term had fully ended and had not been extended. It was their duty to pass upon this very question, and from their finding there was no appeal.

Two reasons were assigned in the court below in support of the motion for the judgment of nonsuit: First, that the plaintiff had failed to prove by the testimony that the agreement to extend the lease had been omitted from the contract of March 30, 1891, by fraud, accident or mistake; and, second, that he was barred by the finding of the justices and freeholders in the landlord and tenant proceedings. It is conceded that the judgment complained of was entered on the second ground. This was clearly right on the authority of De Coursey v. Guarantee Trust & Safe Deposit Company, 81 Pa. 217, where it was held that one of the questions which the act of 1772 by its express terms requires a jury of freeholders to determine is, whether the term had expired. Speaking of that act, we there said: " In no form of summary proceedings known to the law is so much care exercised to guard the rights of the parties,

and secure a fair trial as under the act of 1772.   The provision for a freehold qualification for the jurors was intended, at least, to secure a jury of more than the average grade.   If such juries are not composed generally of as good material as they ought to be, it is no fault of the law, but of its officers charged with its execution.   In such proceedings the tenant has a fair trial before a jury of his peers, and it is no hardship to him to allow the judgment of such a tribunal upon so simple a question as whether his term is fully ended, to be enforced."

We need not consider the question whether the appellant had shown by the kind of proof required that the terms upon which he leased from the county commissioners had been omitted by accident or mistake from his written agreement with them.

Judgment affirmed.