## Fetherman v. Dietz.

*Injunction—Restraining proceedings to recover possession under Landlord and Tenant Acts of March 21, 1772, or Dec. 14, 1863.*

A preliminary injunction restraining dispossession proceedings before an alderman or justice of the peace under the Landlord and Tenant Acts of March 21, 1772, 1 Sm. Laws, 373, or Dec. 14, 1863, P. L. (1864) 1125, will be dissolved where the controversy consists of a simple dispute of fact, where neither the bill nor the proofs show fraud, accident or mistake, and where no intricate questions of law are involved.

Motion to continue preliminary injunction. C. P. Northampton Co., Sept. T., 1922, No. 8, in Equity.

*T. Fred Woodley* and *F. P. McCluskey*, for plaintiff.

*Smith, Paff & Laub*, for defendants.

STOTZ, J.—The plaintiff took possession of the premises in question sometime in the early part of 1920, under verbal lease. The lease was subsequently extended, verbally, to cover the year April 1, 1921, to April 1, 1922. The defendant, Mrs. Dietz, desired to sell the property, and there were some negotiations between her and the plaintiff to that end, but without result. Sometime in February or March, 1922, the plaintiff secured a further verbal extension of his lease from April 1, 1922, to April 1, 1923, at an increased rental, but, according to plaintiff's own testimony, with the proviso that the defendant should have the right to sell the place—a hotel property—during the year if she could find a purchaser, and, if successful, the plaintiff was to remove at any time upon ninety days' notice.

On June 23, 1922, the defendant entered into an agreement of sale of the property with one A. P. Moyer, possession to be given on or before Sept. 1st. A quit notice was on the same day served on plaintiff, requiring him to remove from the premises "within thirty days from the date of service" thereof. On Aug. 1st, the plaintiff having failed to comply, the defendant instituted proceedings before Alderman Brunner, one of the defendants named in the bill, under the Landlord and Tenant Act, to recover possession. A writ was issued the same day and duly served on Aug. 2nd, returnable Aug. 7th. On Aug. 5th, upon application of the tenant's attorney, the hearing was continued until Aug. 11th, and on the latter date a request for a further postponement was made by him, which was denied, and the hearing proceeded. The plaintiff (defendant in that proceeding) was not present and offered no defence, but his attorney took part and cross-examined the witnesses called by Mrs. Dietz. Judgment was thereupon rendered in favor of the landlord, and a writ of possession issued, followed by an appeal to the Common Pleas on the part of the tenant, which is undetermined and pending. The tenant, before the writ of possession could be executed, then applied to this court for equitable relief, and a preliminary injunction was awarded restraining the defendants (the owner, the alderman and the constable) from further proceedings at law or otherwise to dispossess the complainant from the premises described in the bill. At the hearing upon the motion to continue the injunction, the defendant denied that she had leased the place to the plaintiff for the term of a year, or until April 1, 1923, but testified that the lease was only from month to month, with the express understanding and agreement that if and whenever she sold the property, the plaintiff should vacate upon thirty days' notice. The only witness present when this agreement was made was the defendant's daughter, whose testimony corroborated that of her mother. It will be seen, therefore, that while the plaintiff says he rented the place for the term of one

year, he admits that he agreed to move out during the term in the event that defendant should find a purchaser. The controversy, consequently, narrows down to the question of fact whether the plaintiff was entitled, as he claims, to ninety days' notice to vacate, or to only thirty days' notice, as the defendant insists is the case. Under these circumstances, should the injunction stand? We think not.

It will be seen that we have here a simple dispute of fact. The act of assembly expressly refers controversies of this character to the jurisdiction of a justice of the peace, and while there is nothing in the Act of 1772, as was held in Denny v. Fronheiser, 207 Pa. 174, 178, to give proceedings under it any immunity from restraint by way of equity in a proper case, "the case must fall within some one or more of the recognized categories of fraud, accident or mistake, etc." Neither fraud, accident nor mistake, in the sense in which equity employs those terms, are sufficiently alleged in the bill or shown by the evidence submitted at the hearing. It may be true that the plaintiff's version of the contract between him and the defendant is correct, and that he was entitled to ninety instead of thirty days' notice to quit, yet the action of the defendant in thus proceeding to oust him would be only a breach of faith, which, while it would savor of fraud, would not in itself give equity jurisdiction. There is no hint in the case of either accident or mistake.

Nor are the questions here presented complicated ones of law and fact. The single material matter in dispute is how much notice to remove the plaintiff was entitled to have after the defendant sold the property. The case does not present for determination any "intricate and delicate questions of law" for which, as was stated in Kaufmann v. Liggett, 209 Pa. 87, 93, "the summary remedy provided under the Acts of 1772 and 1863 is not adapted." In Bixler v. Swartz, 257 Pa. 300, in which the preliminary injunction was continued, the entire question was one of law, involving the construction of a clause in the lease.

Furthermore, it by no means appears that the plaintiff will suffer irreparable injury if equitable relief is denied him, and that he will have no adequate remedy at law if wrongly dispossessed. His damages will not be of such character that they cannot be readily measured, even though they should consist in large part of loss of profits accruing from the business for which the property is used: Wilson v. Wernwag, 217 Pa. 82. If, as the plaintiff himself testified, he agreed to vacate at any time during the year upon ninety days' notice, should the place be sold, he has already succeeded, by means of this preliminary injunction, in reducing the period of loss on this account to a fraction of a month, and the other elements of damage, if any, are susceptible of definite ascertainment.

Great stress was laid by counsel on the plaintiff's inability, by reason of illness, to attend the hearing before the alderman, and the alderman's refusal to grant a second continuance of the case, as a further reason why the injunction should be continued. But whatever the facts may be in this regard (and they are by no means clearly established), supervision of the alderman's discretion is not committed to a court of equity. The statutory remedy by way of a certiorari or appeal has been provided by the legislature (Brown's Appeal, 66 Pa. 155), and must be followed.

Under the averments of the bill and the evidence produced at the hearing, as above noted, the dispute seems to be narrowed to a determination of questions of fact, viz., whether the plaintiff holds the premises under a lease, by the terms of which he is entitled to remain one year, and, in the event of a sale during the year, whether he is to vacate upon ninety days' notice, or

3 D. & C.

whether, should a sale be made, he is to remove upon thirty days' notice. That he was to relinquish possession during the year in case of a sale, the plaintiff himself admits in his testimony, and, hence, the matter is still further restricted to the one disputed fact of the length of notice to which he is entitled. This plainly is a question which the legislature, in cases of this character, has committed to an alderman or justice of the peace for decision; and in case of erroneous decision, a proper and adequate remedy by way of *certiorari* and appeal has been provided: Drove Yard Co.'s Appeal, 123 Pa. 250, 252; Quinn *v.* McCarty, 81 Pa. 475; De Coursey *v.* Guaranty Trust and Safe Deposit Co., 81 Pa. 217; Juergen *v.* Allegheny County, 204 Pa. 501, 503; Krueger *v.* Rutledge, 2 Kulp, 371. Neither the bill nor the proofs disclose such fraud, accident, mistake or unlawful action on the part of the defendant as would warrant a court of equity to interfere, nor does the case present such intricate questions of law for decision as, following Kaufmann *v.* Liggett, 209 Pa. 87, would call for such intervention.

The motion to continue is, therefore, denied, and the preliminary injunction heretofore granted is dissolved, the costs of the preliminary injunction and proceedings thereon to be paid by the plaintiff.

From Henry D. Maxwell, Easton, Pa.