## SIMPKINS v. BROOKS.
### No. 427.

Municipal Court of Appeals for the District of Columbia.

Nov. 5, 1946.

David L. Riordan, of Washington, D. C., for appellant.

Sandolphra Robinson, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Appellant, plaintiff below, sued appellee "for damages for unlawful eviction" and asked for compensatory and punitive damages. Appellee, defendant below, filed a motion to dismiss on the ground that the complaint failed to state a cause of action. The trial court granted the motion to dismiss. Appellant stood upon his complaint and prosecutes this appeal.

Appellee is the landlord of a two-story residence and appellant was formerly the tenant of the first floor of such premises. In December, 1945, the appellee, after serving a notice to quit upon the tenant, filed suit in the Landlord and Tenant Branch of the Municipal Court to recover possession of the part of the premises rented to appellant. In that suit appellee alleged that possession was sought under Section 5 of the District of Columbia Emergency Rent Act[1] on the ground that he desired the premises "for his [own] immediate and personal use and occupancy as a dwelling." (Possession was also sought on the ground that $60 of rent was owing, but this ground was not involved in the subsequent proceedings.) After hearing, judgment for possession was awarded appellee with a stay of execution for 30 days conditioned upon the payment of rent.

Early in January, 1946, appellant, through the attorney who prosecutes this appeal, filed a motion in the landlord and tenant proceeding for a new trial upon the grounds, among others, that he had not been represented by counsel at the trial of the case and that "plaintiff is not going to use this portion of 1332 5th Street, N. W., and of which the defendant is a tenant, as a dwelling, but is going to use it as a church." After hearing, the motion was granted. Later in January a stipulation was filed, signed by counsel for both parties as well as by appellant himself, such stipulation providing that judgment be entered for the landlord for possession with a stay of execution until March 9, 1946, conditioned upon the payment of rent.

---

[1] Code 1940, § 45—1605 (b) (2).

After taking ex parte proof, the trial court entered judgment for possession for the landlord.

In appellant's complaint in the present action filed June 24, he alleged that "relying on this allegation (the allegation in the prior suit as to appellant's wanting the premises for a dwelling) and * * * other statements made by defendant herein to the Court, the Court did enter a judgment for possession against the plaintiff herein." He alleged further that pursuant to the judgment in the landlord and tenant proceeding he and his family on March 15, 1946, "did move from said premises; he did have to move a part of his family into one room and in which he still lives, and he had to divide his family by arranging for some of them to live away from him; he had to pay costs for moving; that he and his family are cramped and crowded, and he has suffered both mentally and physically from worry and anguish on account of his family's living conditions."

Then followed the gravamen of the complaint as follows: "That the statements made by defendant herein regarding his immediate use and occupancy of designated premises as a dwelling were false and fraudulent, for that though said premises has been available since March 15th, 1946, the defendant has not yet moved therein and has not and does not occupy it as a dwelling, and that he falsely and fraudulently evicted the plaintiff herein and his family from said premises. That as a grounds for punative damages the plaintiff does state that defendant acted wilfully, maliciously and with an utter disregard to the rights of plaintiff and of this Court." The trial court held that this complaint did not state a cause of action.

Appellant relies upon two grounds on this appeal, first, that the trial court erred in not complying with a request to state conclusions of law and, second, that the trial court was in error in holding that the complaint did not state a cause of action.

The first point is without merit. In Zis v. Herman, D.C.Mun.App., 39 A.2d 65, 66, we said that "We think it is proper in a case tried by the court sitting without a jury, for either party to request rulings on pertinent questions of law and that it is the duty of the court to rule upon such questions." That statement was germane to the case there under review. It has no bearing on the present case. Here, by ruling that the complaint did not state a cause of action, the trial court did make a conclusion of law on the only question before it.

We also conclude that the trial court was correct in ruling that the complaint did not state a cause of action. Plaintiff entitles his suit as one for "unlawful eviction." He does not, however, allege any of the facts necessary to support such an action. He left the premises as a result of a stipulation, signed by himself and his attorney, and in compliance with the resulting judgment, upon which, however, no writ of restitution was issued. This does not constitute a wrongful eviction.[2] He has never asked that the judgment be set aside, as is permitted by the rules of the trial court, nor did he appeal from that judgment.

The trial court, however, was not bound by the title on appellant's complaint and neither are we. If he stated a cause of action, by whatever name he called it, he was entitled to a trial.

If the suit is considered in the nature of an action for malicious prosecution, the complaint did not state a cause of action because one of the essentials of such a suit, subject to exceptions not pertinent here, is that it be alleged and proved that the action upon which the suit is based shall have been terminated in favor of defendant therein.[3] This is but another way

[2] Black v. Knight, 176 Cal. 722, 169 P. 382, L.R.A.1918C, 319; Juergen v. Allegheny County, 204 Pa. 501, 54 A. 281; McClelland v. Patterson, 4 Sadler, Pa., 264, 10 A. 475.

[3] Crescent City Live-Stock Landing and Slaughter-House Co. v. Butchers' Union Slaughter-House and Live-Stock Landing Co., 120 U.S. 141, 7 S.Ct. 472, 30 L.Ed. 614; Salvage Process Corp. v. Acme Tank Cleaning Process Corp., 2 Cir., 104 F.2d 105.

of stating the rule that in an action for malicious prosecution for bringing a civil suit it must be shown that the plaintiff in that suit had no probable cause for bringing it. The issue of probable cause is settled by the judgment for plaintiff.[4]

■ If the present suit is an attack on the judgment in the landlord and tenant proceeding, the complaint likewise does not state a cause of action. It is a collateral attack, and such collateral attacks are not permitted even on the ground of fraud, where the alleged fraud is a fraud which was in issue in that suit.[5] Here, construing the complaint most favorably to appellant, the fraud suggested is that appellee misrepresented his purpose in desiring possession of the premises and thus acted in bad faith. That issue was decided in the prior suit and the decision may not be attacked collaterally.

■ If the present suit is not an attack on the previous judgment but is construed as relating only to events occurring since that judgment, then again the complaint does not state a cause of action. Aside from the allegations that the statements of appellee in the landlord and tenant suit were false and fraudulent, the only other averment of the complaint is that, although the premises were available beginning March 15, appellee had not moved in by June 24, when this complaint was filed, and that appellee "falsely and fraudulently evicted" appellant. An allegation that an act was done falsely and fraudulently is only a conclusion[6] which is not admitted by the motion to dismiss.[7] In his motion for a new trial after the first judgment in the landlord and tenant case, appellant alleged that appellee intended using the premises as a church. In the present complaint there is no such allegation nor is there an allegation that the premises have been used by appellee as a church. The mere allegation that the premises were available March 15 and that appellee had not moved in by June 24 does not, without more, state a cause of action. Many reasons for a possible delay might be suggested, such as need for repairs or delay in obtaining labor or materials. While in considering a motion to dismiss, all facts well pleaded are taken as true, together with all proper inferences from such facts, fraud will not be inferred unless facts showing fraud are clearly and explicitly pleaded.[8]

■ The trial judge dismissed the complaint on another ground namely, because the Rent Act provides for criminal penalties for its violation, and he did not believe that a civil action would lie. While we are not inclined to agree with the reasoning of the trial judge, nevertheless we believe his conclusion was correct for reasons already stated. And assuming that the trial judge may have given a wrong reason for his conclusion, that does not require a reversal. It is a settled rule that in reviewing the decision of a trial court it must be affirmed if the result was correct although the trial court relied upon a wrong ground or gave a wrong reason.[9]

Affirmed.

---

[4] Horne v. Ostmann, D.C.Mun.App., 35 A.2d 174.

[5] Morris v. Travelers' Ins. Co., C.C.D. Vt., 189 F. 211; Shultz v. Shultz, 136 Ind. 323, 36 N.E. 126, 43 Am.St.Rep. 320; Tuttle v. Tuttle, 48 N.D. 10, 181 N.W. 898; Purdy v. Winters' Estate, 79 Or. 614, 156 P. 285. See also United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93; Nelson v. Felsing, 32 App.D.C. 420.

[6] Cooper v. O'Connor, 71 App.D.C. 6, 107 F.2d 207. See also Live Stock Nat. Bank v. United States, 8 Cir., 36 F.2d 334.

[7] Missouri Pacific Railroad Co. v. Norwood, 283 U.S. 249, 51 S.Ct. 458, 75 L. Ed. 1010.

[8] Ambler v. Choteau, 107 U.S. 586, 1 S.Ct. 556, 27 L.Ed. 322; Kithcart v. Metropolitan Life Ins. Co., 8 Cir., 88 F.2d 407; Live Stock Nat. Bank v. United States, supra.

[9] Securities and Exchange Commission v. Chenery Corporation, 318 U.S. 80, 63 S. Ct. 454, 87 L.Ed. 626; Lewis-Hall Iron Works v. Blair, 57 App.D.C. 364, 23 F.2d 972.