179 F.2d 806
 86 U.S.App.D.C. 70
 DEBOBULA,
v.
MACONDRAY et al.
 No. 10158.
 United States Court of Appeals District of Columbia Circuit.
 Argued Dec. 8, 1949.
Decided Jan. 3, 1950.
 
 Mr. Titus de Bobula, pro se.
 Mr. Samuel F. Beach, Washington, D.C., with whom Mr. Leslie C. Garnett, Washington, D.C., was on the brief, for appellees. Mr. Karl Kindleberger, Washington, D.C., also entered an appearance for appellees.
 Before EDGERTON, PRETTYMAN and WASHINGTON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff brought this action against twelve defendants, four of whom are the appellees here. The complaint, drawn by the plaintiff himself, appears to be based on allegations of wrongful and abusive eviction from the premises occupied by the plaintiff as tenant, damages being sought against the marshal who executed the eviction, and others. The four defendant-appellees were the owners of the premises, and landlords of the plaintiff. A motion for summary judgment was made on behalf of the four defendant-appellees, among the supporting documents being the affidavit of one appellee that the marshal executed the writ of restitution 'solely on his own responsibility and without instructions from the proponent and her daughters, or their agents.' Plaintiff filed an answering affidavit, denying the statement just quoted and alleging that the marshal proceeded upon instructions from appellees' attorney and from their real estate agent.
 
 
 2
 The District Court granted the motion for summary judgment and plaintiff appealed. Reading the complaint and its exhibits along with the affidavits of the parties and the other relevant papers, we consider that at least two genuine issues of material fact were in controversy, i.e., whether the alleged wrongful conduct of the marshal was procured or authorized by appellees' attorney or real estate agent, or both, and if so, whether such action was within the scope of authority. In this posture of the case, appellees are not entitled to summary judgment. That being the sole question before us, we do not rule on any other.
 
 
 3
 Reversed.