**DE BOBULA v. GOSS et al.**

No. 10788.

United States Court of Appeals District of Columbia Circuit.

Decided Nov. 15, 1951.

Edward F. Daly, Washington, D. C., for appellant.

Samuel F. Beach, Washington, D. C., with whom Leslie C. Garnett and Karl W. Kindleberger, Washington, D. C., were on the brief, for appellees.

Before EDGERTON, BAZELON, and WASHINGTON, Circuit Judges.

EDGERTON, Circuit Judge.

Appellant at one time occupied an apartment as tenant of certain of the appellees. On the basis of a claim that those appellees required the property for their personal use, they got a judgment of eviction against him in the Municipal Court. The Municipal Court of Appeals affirmed. DeBobula v. Coppedge, 40 A.2d 255.

Appellant afterwards filed in the District Court the present suit against the appellees. His complaint does not appear to assert the claim we are about to discuss.[1] But the parties agreed at pretrial and trial to proceed on the theory that appellant's only claim against the present appellees is this: they conspired to evict him wrongfully by adducing false testimony, in the suit in the Municipal Court, that those appellees who owned the property required it for their personal use. The District Court dismissed the present suit on the ground that it was barred by the Municipal Court's judgment.

We think the District Court was right. The suit in the Municipal Court settled the question whether the owners of the property required it for their personal use. The appellant cannot, by alleging fraud, reopen that question in the District Court. "A judgment obtained by fraud or duress must be attacked in a direct proceeding, and not collaterally." Nelson v. Felsing, 32 App.D.C. 420, 428.[2] As Judge Clagett said for the Municipal Court of Appeals in a similar case, the appellant is making a collateral attack on the judgment in the former suit, "and such collateral attacks are not permitted even on the ground of fraud, where the alleged fraud is a fraud which was in issue in that suit. Here, construing the complaint most favorably to appellant, the fraud suggested is that appellee misrepresented his purpose in desiring possession of the premises and thus acted in bad faith. That issue was decided in the prior suit and the decision may not be attacked collaterally." Simpkins v. Brooks, D.C.Mun.App., 49 A.2d 549, 552.

In our opinion the judgment of the Municipal Court concludes the appellant not only as against his landlords but also as against the other appellees. A conspiracy creates no civil liability unless it causes injury. A cause of action "'is not created by the conspiracy, but by the wrongful acts done by the defendants to the injury of the plaintiff.'" Ewald v. Lane, 70 App. D.C. 89, 90, 104 F.2d 222, 223. The liability, if any, of all the appellees is therefore predicated upon the landlords' testimony in the eviction suit being false. But that suit determined that this testimony was true. Though the other appellees were not parties to that suit, "it is quite generally held that [this objection does] not prevent an estoppel where, as here, the one exonerated was the immediate actor and his personal culpability is necessarily the predicate of the plaintiff's right of action against the other[s]." Van Devanter, Circuit Judge, in Portland Gold Mining Co. v. Stratton's

1. We considered the meaning of the complaint and its exhibits in De Bobula v. Macondray, 86 U.S.App.D.C. 70, 179 F. 2d 806.

2. The Municipal Court of Appeals affirmed the Municipal Court's judgment in 1944. In 1950 the Municipal Court amended its Rule 53(b) so as to provide that "On motion, and upon such terms as are just, the Court may relieve a party or his legal representative from a final judgment, order, or proceeding for * * * fraud (whether heretofore denominated intrinsic or extrinsic) * * *. The motion shall be made within a reasonable time, and * * * not more than three months after the judgment * * *."

Independence, 8 Cir., 158 F. 63, 65–66, 16 L.R.A.,N.S., 677; Adriaanse v. United States, 2 Cir., 184 F.2d 968, certiorari denied, 340 U.S. 932, 71 S.Ct. 495, 95 L.Ed. 673.

Affirmed.