248 F.2d 152
 S. Leon LEVY, Appellant,
v.
Carlton HAYWARD, Director, Office of Personnel Management, Department of Commerce, and Louis Levine, Appellees.
S. Leon LEVY, Appellant,
v.
W. Ney EVANS and John R. Franklin, Appellees.
 No. 13414.
 No. 13648.
 United States Court of Appeals District of Columbia Circuit.
 Argued May 6, 1957.
 Decided September 5, 1957.
 Petition for Rehearing Denied October 25, 1957.
 
 Mr. S. Leon Levy, appellant pro se.
 Mr. E. Tillman Stirling, Asst. U. S. Atty., for appellees. Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll, Joseph M. F. Ryan, Jr., and Richard J. Snider, Asst. U. S. Attys., were on the brief for appellees in No. 13,414. Messrs. Donald E. Bilger and Harold D. Rhynedance, Jr., Asst. U. S. Attys., also entered appearances for appellees in No. 13,414.
 Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll and Joseph M. F. Ryan, Jr., Asst. U. S. Attys., were on the brief for appellees in No. 13,648.
 Before WILBUR K. MILLER, BAZELON and WASHINGTON, Circuit Judges.
 No. 13,414. PER CURIAM.
 
 
 1
 The District Court dismissed the complaint in this case on the ground that it fails to state a cause of action on which relief could be granted. The complaint, as amended, claims damages from the two defendants named for "deceit and misrepresentation, in pursuance to a long-standing conspiracy" with two others. The overt act alleged is that they, with intent to defraud and cheat plaintiff, gave false testimony as witnesses in a previous suit by plaintiff against the United States in the Court of Claims, 1953, 125 Ct.Cl. 145, certiorari denied 1954, 346 U.S. 931, 74 S.Ct. 321, 98 L. Ed. 422, and that this resulted in plaintiff's failure to recover in that suit a judgment entitling him to receive back salary following his discharge from the War Production Board with "its concomitant ruinous impact upon his professional standing and career." There is no allegation that the plaintiff has undertaken at any time or in any fashion to bring the matter of the alleged false testimony to the attention of the Court of Claims for its consideration and possible action.
 
 
 2
 Construing the allegations most favorably to the plaintiff-appellant and giving him the benefit of every permissible inference, we think that the complaint was properly dismissed for failure to state a cause of action on which damages could be awarded. See De Bobula v. Goss, 1951, 90 U.S.App.D.C. 28, 193 F.2d 35; Nalle v. Oyster, 1913, 230 U. S. 165, 182-183, 33 S.Ct. 1043, 57 L.Ed. 1439; Cunningham v. Brown, 1846, 18 Vt. 123, 46 Am.Dec. 140; Shultz v. Shultz, 1894, 136 Ind. 323, 36 N.E. 126; Dean v. Kirkland, 1939, 301 Ill.App. 495, 23 N.E.2d 180; Kantor v. Kessler, 1945, 132 N.J.L. 336, 40 A.2d 607; cf. Robinson v. Missouri Pacific Transp. Co., D.C. W.D.Ark.1949, 85 F.Supp. 235, 238. Appellant relies on Morgan v. Graham, 10 Cir., 1956, 228 F.2d 625, and Verplanck v. Van Buren, 1879, 76 N.Y. 247, but these cases involved fraudulent conduct beyond the giving of false testimony.
 
 
 3
 Affirmed.
 
 
 4
 No. 13,648. PER CURIAM.
 
 
 5
 The complaint in this case was filed on September 14, 1955. It claims damages from the defendants, as individuals and not as public officials, for depriving the plaintiff of his rights under the First Amendment with the intent of "trespassing and quashing by indirection" his claim against the United States for back salary following discharge from the War Production Board. It is alleged that at a hearing in the Court of Claims on this claim on February 5, 1951, plaintiff took the customary oath as a witness without objection and that, for the purpose of "quashing" his claim, as set out above, inquiry was made of him on February 7, 1951, on cross-examination by defendant Franklin as attorney for the United States and permitted by defendant Evans as Hearing Commissioner, as to plaintiff's belief or disbelief in God, his affiliation with a church or creed, if any, and his acceptance or rejection of the principles of Christianity, all in violation of his rights under the First Amendment; that this inquiry resulted in his credibility being questioned by the defendants and by the court, with the result that he lost his suit for back salary.[1] The District Court dismissed the complaint on the grounds that it appeared affirmatively on the face of the complaint that the statute of limitations barred relief and that the complaint failed to state a claim upon which relief may be granted. After giving the plaintiff-appellant the benefit of all permissible inferences in his favor, we conclude that the complaint was properly dismissed.
 
 
 6
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 The opinion of the Court of Claims, dismissing the complaint before it, contains no discussion of any of these matters. 1953, 125 Ct.Cl. 145, certiorari denied 1954, 346 U.S. 931, 74 S.Ct. 321, 98 L. Ed. 422. The present complaint contains no allegation that such matters were at any time brought by plaintiff to the attention of the Court of Claims