Bernice **GOODWIN**, Plaintiff,

v.

**HOME BUYING INVESTMENT CO.,
INC., et al., Defendants.**

Civ. A. No. 1441-72.

United States District Court,
District of Columbia.

Jan. 4, 1973.

King David, Washington, D. C., for plaintiff.

James D. Newton, Silver Spring, Md., for defendants.

## MEMORANDUM ORDER

GASCH, District Judge.

■ This case came on for consideration on defendants' motion to dismiss, accompanying points and authorities, and supporting affidavits, and the plaintiff's opposition thereto. Since the defendants' motion is supported by matter outside the pleadings which has not been excluded by the Court, it will be treated, in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure, as a motion for summary judgment.

The complaint, certified exhibits filed by the defendants, and uncontradicted affidavits filed by the defendants indicate the following sequence of events.

The events out of which this action originally arose occurred in 1970, when the plaintiff, Mrs. Bernice Goodwin, entered into discussion with defendants concerning the renovation and possible sale of her home. A contract of sale was later executed, and on March 18, 1971, Home Buying Investment Company, the corporate defendant herein, filed suit in Superior Court for possession of the property. Mrs. Goodwin defended the suit, alleging that she had been induced by fraud to sign the contract of sale. The case was tried to a jury, and on July 27, 1971, plaintiff's motion for a directed verdict was granted by Judge Hyde. An appeal was taken from that judgment to the District of Columbia Court of Appeals, which dismissed it as untimely.

The plaintiff herein now seeks to have this Court (1) vacate the Superior Court judgment on the ground that fraud was practiced on that Court; (2) award the plaintiff compensatory and punitive damages for the "detention of her . . . real estate," and (3) order an accounting. Defendants have moved for dismissal on the ground that the complaint constitutes an impermissible collateral attack on a valid judgment which is *res judicata* as to all the issues raised in the action herein.

■ In ruling on defendants' motion, the Court must first consider whether the Superior Court judgment was valid and hence immune to collateral attack. Plaintiff does not allege that the Superior Court lacked jurisdiction over the parties or subject matter, and in the absence of such an allegation, jurisdiction is to be presumed. In re Adoption of a Minor, 94 U.S.App.D.C. 131, 133, 214 F. 2d 844, 846 (1954).

■ It is true that a collateral attack may sometimes be predicated on the ground of certain very narrowly defined kinds of fraud, generally termed "collateral" or "extrinsic" fraud. 7 Moore, Fed.Practice § 60.33, 504–05 (1972).

■ The only fraud alleged here is the defendants' allegedly fraudulent con-

duct in obtaining title to plaintiff's property and their having "withheld" from the Superior Court the "facts" of the case as plaintiff perceived them. Neither allegation can form a basis for attacking the Superior Court judgment or otherwise gaining relief from it. Plaintiff's charge that defendants "withheld" facts amounts to nothing more than a complaint that they did not help her prove her case, and this certainly does not amount to "extrinsic" fraud by any of the traditional definitions. *See, e. g.,* Chisholm v. House, 160 F.2d 632, 643 (10th Cir. 1947), and cases cited therein. The burden of proving title is on the party alleging it, 63 Am. Jur.2d, Property § 21, 308–309 (1972), and there is no authority for the proposition that the adverse party is obligated to give aid to the one alleging title. As to the charge that defendants had engaged in fraudulent acts prior to the Superior Court trial for the purpose of obtaining title to the property, the answer is simply that that very issue was tried in the Superior Court proceeding and is not to be relitigated here. On this point, the case of De Bobula v. Goss, 90 U.S.App.D.C. 28, 29, 193 F.2d 35, 36 (1951), cited by defendants herein, is controlling. In *De Bobula,* the plaintiff, having been evicted from his apartment in a proceeding in what was then the District of Columbia Municipal Court, attempted to relitigate the eviction by suing certain parties in U.S. District Court for conspiring to evict him by adducing false testimony. The District Court dismissed the suit, and the Court of Appeals affirmed, with Judge Edgerton speaking for the Court as follows:

> We think the District Court was right. The suit in the Municipal Court settled the question whether the owners of the property required it for their personal use. The appellant cannot, by alleging fraud, reopen that question in the District Court. "A judgment obtained by fraud or duress must be attacked in a direct proceeding, and not collaterally." Nelson v. Felsing, 32 App.D.C. 420, 428. As

Judge Clagett said for the Municipal Court of Appeals in a similar case, the appellant is making a collateral attack on the judgment in the former suit, "and such collateral attacks are not permitted even on the ground of fraud, where the alleged fraud is a fraud which was in issue in that suit. Here, construing the complaint most favorably to appellant, the fraud suggested is that appellee misrepresented his purpose in desiring possession of the premises and thus acted in bad faith. That issue was decided in the prior suit and the decision may not be attacked collaterally." Simpkins v. Brooks, D.C.Mun.App., 49 A.2d 549, 552.

The identity of the issues as to fraud in the action herein is made clear by a comparison of the plaintiff's verified complaint in this action with her verified "Plea of Title," in the Superior Court action, a copy of which has been filed by the defendants herein.

Having determined, then, that there are no grounds for finding the Superior Court judgment void, the Court must now determine whether that judgment is *res judicata* as to all issues and parties in the present action. A careful reading of the record herein reveals that the present action differs from the Superior Court action only in that Francis V. Childs and Constance Childs are named as defendants along with the Home Buying Investment Company and are charged with conspiracy to defraud the plaintiff of her title as well as with "withholding" "facts" from the Superior Court. The allegation of "withholding" "facts" has already been dealt with above.

■■ The question for the Court is simply whether the plaintiff can avoid the application of *res judicata* by naming these new parties and charging them with conspiracy. On the authority of De Bobula v. Goss, *supra,* the Court finds that the plaintiff cannot thus avoid the operation of the doctrine. The Court in *De Bobula* reasoned that an allegation of conspiracy could not create a

cause of action if the acts allegedly conspired in had been determined in a prior action not to be wrongful. Furthermore, the *De Bobula* Court found the earlier action conclusive even as to charges against defendants who had not been parties to that earlier action. Even if *De Bobula* did not compel the decision here, this Court would have to find that the addition of the Childs as defendants could not create a new cause of action, for plaintiff admits in her complaint that the corporate defendant is the "Alter Ego" of defendant Francis Childs. Moreover, by their affidavit, both of the individual defendants swear that they took title to the property in dispute as trustees for the corporate defendants. This affidavit is uncontradicted by plaintiff, who argues only that "as a matter of law" it could not form the basis for a finding of privity. It is clear from all of the foregoing that the individual defendants are in privity with the corporate defendant and, as such, would have been bound by the Superior Court judgment no matter in whose favor it might have gone. There exists, then, that degree of "mutuality" which is a traditional requirement of *res judicata*.[1]

In summary, then, the authorities on point to the present action indicate that the action is barred by the prior judgment in Superior Court. The defendants' Statement of Material Facts as to Which There is No Genuine Issue, incorporating the facts stated in their Statement of Facts, has not been challenged by the plaintiff by the filing of any statement of genuine issues. Indeed, none of the statements asserted as fact in plaintiff's opposition goes to any of the issues which this Court may properly consider.

Insofar as plaintiff relies on Rule 60(b)(6) of the Federal Rules of Civil Procedure, the Court can only observe that such reliance is misplaced where the judgment from which a party seeks relief was not a judgment of the court in which relief is sought. Taft v. Donellan Jerome, Inc., 407 F.2d 807, 809 (7th Cir. 1969); 7 Moore, Fed.Practice § 60.33, 504 (1972).

In accordance with all of the foregoing, it is by the Court this 4th day of January, 1973,

Ordered that defendant's motion to dismiss be, and the same hereby is, treated as a motion for summary judgment; and it is further

Ordered that summary judgment be, and the same hereby is, entered for all defendants.

---

1. Even this requirement has been called into question. See Lober v. Moore, 135 U.S.

