Luis **VELTZE**, Plaintiff,

v.

**BUCYRUS–ERIE COMPANY**, Defendant.

No. 91–C–523.

United States District Court,
E.D. Wisconsin.

March 15, 1994.

Zetley & Cohn by Michael J. Cohn, Milwaukee, WI, for plaintiff.

Kasdorf, Lewis & Swietlik by Michael J. Cieslewicz, Milwaukee, WI, for defendant.

### DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

Presently before the court is Bucyrus–Erie Company's ["Bucyrus–Erie"] "Motion for Order Compelling Satisfaction of Judgment" ["satisfaction motion"] brought pursuant to Rules 60(b)(5) and (6), Federal Rules of Civil Procedure. In its motion, Bucyrus–Erie asks this court to order Luis Veltze, the plaintiff in the above-captioned action [the "United States action"], to acknowledge satisfaction by Bucyrus–Erie of a judgment in favor of Mr. Veltze and against Bucyrus–Erie in an action filed by Mr. Veltze against Bucyrus–Erie in Peru [the "Peruvian action"]. Bucyrus–Erie's satisfaction motion will be denied.

### I. BACKGROUND

On April 25, 1991, Mr. Veltze commenced the United States action in the circuit court for Milwaukee county against his former employer Bucyrus–Erie. Subsequently, Bucyrus–Erie removed the United States action to this court. In his complaint, Mr. Veltze alleged that Bucyrus–Erie violated its em-

ployment contract with him by wrongfully discharging him from his position with Bucyrus–Erie and by failing to pay his relocation expenses to the United States from Peru after his discharge.

On August 27, 1992, after a jury trial, judgment in the United States action was entered in favor of Mr. Veltze in the amount of $183,927.39. An amended judgment was entered on November 2, 1992, reducing Mr. Veltze's total damage award in the United States action to $181,835. The court of appeals for the seventh circuit affirmed the amended judgment in the United States action in an unpublished decision. *See Veltze v. Bucyrus–Erie Co.*, 9 F.3d 1549 (7th Cir. 1993). Subsequently, on or about December 6, 1993, Bucyrus–Erie satisfied the November 2, 1992, judgment in the United States action by paying Mr. Veltze $190,000 which included post-judgment interest accrued during the pendency of Bucyrus–Erie's appeal.

Mr. Veltze also prevailed over Bucyrus–Erie in the Peruvian action. A Peruvian court issued a written decision dated March 20, 1992 (interestingly, several months before this court entered judgment in the United States action), awarding Mr. Veltze approximately $88,000 in damages. *See* Affidavit of Michael J. Cieslewicz, exhibit # 4 (copy of an unofficial English translation of the Peruvian judgment). However, an appeal of the Peruvian judgment by Bucyrus–Erie is still pending; therefore Mr. Veltze has not attempted to execute that judgment nor has Bucyrus–Erie offered to satisfy it. *See* Affidavit of Michael J. Cohn at ¶ 3.

## II. ANALYSIS

Bucyrus–Erie argues that this court should grant its satisfaction motion because it has already paid the judgment in the United States action in favor of Mr. Veltze and such judgment resulted after a trial allegedly involving the same claims, allegations, and issues that were litigated in the Peruvian action. Bucyrus–Erie contends that Mr. Veltze is not entitled to a damage recovery in both the United States and Peru for the same cause of action arising from his discharge from his employment with Bucyrus–Erie. Bucyrus–Erie asserts that Rules 60(b)(5) and (6), Federal Rules of Civil Procedure, give this court authority to entertain such a motion.

Mr. Veltze counters that this court has no authority to even consider Bucyrus–Erie's satisfaction motion because Rules 60(b)(5) and (6), Federal Rules of Civil Procedure, only provide a basis for Bucyrus–Erie to challenge the judgment entered by this court in the United States action and do not provide grounds for Bucyrus–Erie to obtain relief from the judgment entered in the Peruvian action which is the relief Bucyrus–Erie is really seeking by virtue of its satisfaction motion. Mr. Veltze also argues that there are no authenticated pleadings from the Peruvian action filed in this court that demonstrate that the United States action and the Peruvian action actually involve the same cause of action. It follows, contends Mr. Veltze, that this court cannot conclude on the present record that he would necessarily be receiving a double recovery if Bucyrus–Erie paid both judgments.

I begin first with the question of this court's authority to entertain Bucyrus–Erie's satisfaction motion. Rules 60(b)(5) and (6), Federal Rules of Civil Procedure, provide that:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons ... (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Bucyrus–Erie contends that Rules 60(b)(5) and (6) provide a basis for *this court* to grant relief from the *judgment in the Peruvian action*. Mr. Veltze, argues that Rules 60(b)(5) and (6) only provide a basis for this court to grant relief from the judgment in the United States action.

■ I agree with Mr. Veltze. The plain meaning of Rules 60(b)(5) and (6) suggests that these rules permit one to obtain relief

only from a judgment in the court in which the motion brought pursuant to such rules is filed. This interpretation of Rule 60(b) is supported by case law. *See Taft v. Donellan Jerome, Inc.,* 407 F.2d 807, 809 (7th Cir. 1969); *Goodwin v. Home Buying Investment Co., Inc.,* 352 F.Supp. 413, 416 (D.D.C.1973). *See also Restatement (Second) of Judgments* § 78 (1982) ("Relief from a judgment must be obtained by means of a motion for that purpose *in the court that rendered the judgment* unless relief may be obtained more fully, conveniently, or appropriately by some other procedure.") (emphasis added).

In other words, Bucyrus–Erie may bring a motion *in this court* pursuant to Rules 60(b)(5) and (6) to challenge the judgment entered in the United States action *in this court,* but it cannot, as it is presently attempting to do by virtue of its satisfaction motion, bring a motion pursuant to Rule 60(b)(5) and (6) *in this court* to obtain relief from the judgment entered by *the Peruvian court.* Thus, I conclude that Rules 60(b)(5) and (6), Federal Rules of Civil Procedure, contain no authority for this court to grant Bucyrus–Erie's satisfaction motion.

■ My decision to deny Bucyrus–Erie's satisfaction motion is reenforced by the fact that the case or controversy that formed the basis of the United States action in which Bucyrus–Erie has filed its satisfaction motion is now moot since Bucyrus–Erie was unsuccessful on its appeal, its time for further appeals has run, and it has satisfied the judgment in the United States action. *See Deposit Guaranty Nat'l Bank v. Roper,* 445 U.S. 326, 333, 100 S.Ct. 1166, 1171, 63 L.Ed.2d 427 (1980) (holding that "a case or controversy is mooted in the Art. III sense upon payment and satisfaction of a final, unappealable judgment ..."). Thus, I believe that the proper forum for Bucyrus–Erie to challenge the enforceability of the Peruvian judgment is in the Peruvian court which entered that judgment and not in this court since the United States action is no longer a live case or controversy.

■ Even if I were to entertain Bucyrus–Erie's satisfaction motion, I would still deny it for three reasons. First, since the judgment in the Peruvian action is presently being appealed in Peru by Bucyrus–Erie, it would seem premature to grant Bucyrus–Erie relief from a judgment that may be reversed or modified on appeal.

■ Second, Mr. Veltze's argument challenging the extent to which the issues in the United States action and the Peruvian action are identical is persuasive. Except for an unofficial English translation of a Peruvian court document supplied to this court by Bucyrus–Erie, in which a Peruvian court appears to find against Bucyrus–Erie and award Mr. Veltze $88,000 in damages, this court has no official copies of pleadings demonstrating that the issues in the United States action are the same as those in the Peruvian action. Consequently, Bucyrus–Erie's argument that its satisfaction motion should be granted to prevent Mr. Veltze from obtaining a double recovery for a single cause of action is questionable in the absence of authentic documentation detailing the exact nature of the Peruvian action.

■ Third, denying Bucyrus–Erie's satisfaction motion does not prejudice Bucyrus–Erie because Mr. Veltze has not yet even attempted to enforce his Peruvian court judgment. If and when Mr. Veltze chooses to execute on his Peruvian court judgment (assuming he prevails on the pending appeal of the Peruvian court judgment), Bucyrus–Erie will still be able to assert the same defenses to enforcement of that judgment that it has raised in support of its satisfaction motion. This is especially true if Mr. Veltze registers his Peruvian court judgment in a court in the United States in an effort to execute on it against Bucyrus–Erie. *See generally* Uniform Enforcement of Foreign Judgments Act, Uniform Foreign Money-Judgments Recognition Act, and Wis.Stat. § 806.24.

### ORDER

Therefore, IT IS ORDERED that Bucyrus–Erie's satisfaction motion be and hereby is denied, with costs.